h BYRNES, Judge.
Plaintifi/appellee Kenneth A. McAshan sued the defendants/appellants, Jack’s Pest Control (Jack) and Jack D. Isenberg for termite damage to McAshan’s property located at on Girod St. Pursuant to a jury verdict the trial court rendered judgment on July 6, 1998 in favor of McAshan and against the defendant Jack’s Pest Control and its insurer, Louisiana Pest Control Insurance Company, in the sum of $100,000.00, subject to Louisiana Pest Control Insurance Company not being liable for the first $1,000.00. All claims against Jack D. Isenberg were dismissed.
Jack filed a motion for JNOV and alternatively for new trial and McAshan filed a motion for JNOV/New Trial and to Set Expert Fees. The trial court denied both motions for new trial, denied McAshan’s motion for JNOV, deferred McAshan’s .motion to set costs and granted Jack’s motion *3 for JNOV. In doing so the trial court “recast the jury verdict in all respects as heretofore rendered except for reducing the quantum thereof from $100,000.00 to $25,327.98, vrith interest and costs.” •
hOn October 1, 1998 Jack filed a Motion to Clarify the trial court’s judgment of September 25, 1998 on the basis that it failed to specifically provide whether the award of $25,327.98 would be subject to the jury’s finding of 50% comparative fault. The trial court denied Jack’s motion to clarify.
McAshan appealed asking for additional damages and arguing that his recovery should not be reduced for comparative fault. Jack and its insurer appealed contending that the amount awarded included sums for repairs not attributable to the termite damage. Jack also contended that the trial court erred in failing to reduce the $25,327.98 award by the fifty per cent comparative fault attributed by the jury to McAshan. McAshan did not answer the appeal.
THE QUESTION OF COMPARATIVE FAULT
The original jury verdict found that Jack was not grossly negligent; that Jack breached its contract with McAshan, which breach was the cause of damage to McAsh-an; that Jack negligently misrepresented or intentionally misrepresented things to McAshan causing him damage; that McAshan’s own negligence was the 50% cause of his damages; that those damages amount to $200,000.00 before reduction for McAshan’s contributory negligence; and that McAshan owed Jack’s no indemnity. Accordingly, the trial court reduced the $200,000.00 damages found by the jury to have been proven by McAshan to $100,000.00. In his written reasons for granting Jack’s motion for JNOV, the trial judge stated in pertinent part that:
Although Mark Dahlman testified the costs of repairs would be $200,000.00 which matches the jury’s conclusion of damages, the actual cost of repairs totaled | ?much less. The actual governs over the theoretical estimate. Of the $135,966.90 in invoices presented, $9,326.99 was unrelated to the Girod Street property. Although waterproofing and roof repair were not per se related to termite damage repair, such was necessary to deprive any remaining or future Formosan termites with water source and to complete the termite proofing. See Roman Catholic Church of Archdiocese of New Orleans v. La. Gas Service Co., 618 So.2d 874. Thus, the jury verdict must be overturned per Anderson.
* * H* #
The only evidence in support of what part of the termite damage is pre the 1992 treatment is that of James Arcen-eaux whose testimony preponderates to 80% being pre the 1992 treatment. Thus, McAshan’s recovery is limited to 20% of his actual damages.
Neither the judgment of September 25, 1998 nor the written reasons in support thereof make any mention of reversing the jury finding of McAshan’s comparative negligence which caused his recovery in the judgment of July 6, 1998, to be reduced from the $200,000.00 amount originally found to constitute his actual damages to $100,000.00. Therefore, when the judgment of September 25, 1998 states that “the judgment of this Court based on the jury verdict is recast in all respects as heretofore rendered except reducing the quantum thereof from $100,000.00 to $25,327.98,” an argument can be made that it was the implicit intention of the trial court to apply the 50% comparative negligence factor to the $25,327.98 award. Ac *4 cording to this reading of the judgment the award would then be one half of $25,327.98. However, it can also be argued that in structuring the wording of the September 25, 1998 judgment so that the $25,327.98 award is made to correspond with the $100,000.00 award, that the $25,327.98 is the bottom line award just as the $100,000.00 was the bottom line award in the original judgment. This is because the $25,327.98 figure represents the 20% of the termite damage occurring after 1992 consisting of $135,966.90 for repairs, less the 14$9,326.99 found not to be attributable to the termite damage. In making the original award of $100,000.00 there is no reference to comparative negligence in the judgment of July 6, 1998, nor to the total damage determination of $200,000.00. We just know from the facts that the $100,000.00 is the net amount after halving the $200,000.00 total damage because of the finding of McAshan’s 50% comparative negligence.
McAshan’s brief which was filed over two months after that of Jack, does not address this issue. We are unable to tell whether the trial court denied Jack’s motion for clarification because the judge considered the judgment sufficiently clear as written or because the judge felt that what Jack referred to as clarification might instead be found by this Court to be a substantive change in the judgment contrary to LSA-C.C.P. art. 1951. This is not a matter of finding an error in the judgment of the trial court and correcting it on appeal instead of remanding, where the record is sufficiently complete to enable us to do so, and as we are admonished to do in the name of judicial economy. The litigant in whose favor the jury or the trial court has made certain findings is entitled to have those findings treated to a certain deference by this court, e.g., the manifest error standard of review, abuse of discretion, etc., depending on the nature of those findings. For example, in the instant case the trial court rendered a JNOV which is subject to a very strict standard of review under Anderson v. New Orleans Public Service,Inc., 583 So.2d 829 (La. 1991), and which standard of review is very different from that to be applied to the findings of the jury. Therefore, it is crucial to our review to be able to determine to what extent the JNOV may have differed from the jury verdict. The problem in the instant case is that the ambiguity in the trial court judgment raises questions regarding both quantum and liability, effectively cutting across the | .^entire case. It is impossible to review the findings of the trial court when we cannot be certain what those findings are.
For the foregoing reasons, we, therefore, reluctantly order that this case be remanded to the trial court for a clarification of its judgment of September 15,1998, limited to addressing the question of whether that judgment abrogated the jury’s finding that McAshan’s contributory negligence was a 50% cause of his damage and the $25, 327.98 awarded in the judgment of September 15, 1998 has been or needs to be adjusted to reflect McAshan’s contributory negligence, i.e., should the bottom line amount of the award be $25,327.98 or one half of that amount. As this remand is limited, and as the appellee failed to appeal or answer the original appeal, he may ask for no affirmative relief on appeal from the judgment to be rendered on remand other than on those matters addressed in the clarifying judgment to be rendered on remand, and then only if he appeals or answers any appeal lodged by Jack’s.[1]
REMANDED.
*5 JjORDER
Considering the motion of Kenneth A. McAshan to vacate denial of rehearing, it appears that this Court failed to properly notify the parties of our Order dated January 19, 2000.
IT IS HEREBY ORDERED THAT THE ORDER denying rehearing dated June 15, 2000 is hereby vacated.
IT IS FURTHER ORDERED THAT Mr. McAshan shall have thirty (30) days from the date of this Order in which to furnish this Court with the answer and transcript referred to in the Order of January 19, 2000 and in denial of rehearing of June 15, 2000.
/a/ William H: Byrnes, III JUDGE WILLIAM H. BYRNES, III
/s/ Miriam G. Waltzer JUDGE MIRIAM G. WALTZER
/s/ James F. McKay, III JUDGE JAMES F. McKAY, III

. For example, if in clarifying the judgment the trial court declares that the $25,327.98 *5 awarded to McAshan should be reduced by 50%, McAshan may by appeal or answer to appeal argue that the $25,327.98 figure should be reinstated. However, by failing to appeal or answer the appeal at this stage, McAshan is now precluded from asking for more than that amount.