968 So.2d 302 (2007)
Tina Lynn FOX, Plaintiff-Appellant
v.
Rex A. LAYTON, Defendant-Appellee.
No. 42,491-CA.
Court of Appeal of Louisiana, Second Circuit.
October 17, 2007.
*303 Frank M. Ferrell, Shreveport, for Appellant.
Hubley, Marcotte, Rhodes & Hussey, by Craig O. Marcotte, Shreveport, for Appellee.
Before WILLIAMS, CARAWAY & PEATROSS, JJ.
*304 PEATROSS, J.
This personal injury action arose from an automobile accident that happened on July 2, 2004, in the eastbound lanes of I-20 in the area where traffic enters from I-49 and exits for Spring and Market Streets in Shreveport. The jury rendered a verdict in favor of Plaintiff, Tina Fox, assessing 20 percent of the fault to Defendant driver, Rex Layton, and 80 percent to a phantom driver of an 18-wheel truck. The verdict awarded Mrs. Fox special damages of $7,000. No general damages were awarded. A motion for new trial filed by Plaintiff was denied. A partial JNOV was granted, however, with the trial judge increasing the special damages award to $12,158.44 and awarding $10,000 in general damages. Plaintiff appeals the denial of the motion for new trial, the allocation of fault and the assessment of damages. For the reasons stated herein, we affirm.

FACTS
The record indicates that Mrs. Fox was driving eastbound on I-20 when she was forced to make a sudden stop due to traffic stopping ahead of her. At the same time, the vehicle driven by Mr. Layton was traveling eastbound on I-20 in the far right lane preparing to exit at Spring/Market when an 18-wheeler merging from I-49 onto I-20 moved from right to left into his lane of travel. Mr. Layton applied his brakes and maneuvered his vehicle to the left and hit the rear of Mrs. Fox's vehicle. Both Mrs. Fox and the wife of Mr. Layton were transported together from the scene by ambulance. Mrs. Layton testified that, while on the way to the emergency room, the two ladies agreed that the 18-wheeler had caused Mr. Layton to rear-end Mrs. Fox's vehicle. She further testified that Mrs. Fox told her that she had seen the blue cab of the 18-wheeler as it was merging. Mrs. Layton was observed (due to an elevation in blood pressure) and released. Mrs. Fox was treated and released.
Mrs. Fox subsequently sought treatment for neck, back and shoulder pain. The record reflects that she was treated by a chiropractor, an orthopedist and a neurologist over a period of approximately four months after the accident. She was diagnosed with "frozen shoulder," a condition which results in limited range of motion in the affected shoulder. Following one of her chiropractic sessions, Mrs. Fox began experiencing paralysis and numbness in one side of her face. Ultimately, a diagnosis of Bell's Palsy was made and she was treated with anti-viral medication, which resolved her condition. Mrs. Fox also received acupuncture treatment from an acupuncturist/large animal veterinarian. She testified that, after two acupuncture treatments, her injuries allegedly related to the accident were totally resolved.
Mrs. Fox filed suit for personal injuries allegedly sustained in the accident against Mr. Layton and his insurer and was represented at trial by Mr. Leslie Kelly. A jury trial was held August 8, 9, and 10, 2006. As previously stated, the jury rendered a verdict assessing 20 percent of the fault to Layton and 80 percent to a phantom driver (the driver of the 18-wheeler). The verdict awarded Mrs. Fox special damages of $7,000, with no general damages.
Mrs. Fox thereafter obtained new counsel, who filed motions for a new trial and JNOV. Her argument was based on the alleged ineffective assistance of her trial counsel. On December 20, 2006, the trial court denied the motion for new trial, but partially granted the JNOV to increase the special damages to $12,158.44, and awarding general damages of $10,000. The motion for JNOV as to allocation of fault was denied and she now appeals these rulings.

*305 DISCUSSION

Denial of Motion for New Trial
Mrs. Fox first argues that it was reversible error for the trial judge to deny her motion for new trial in light of the alleged deficiencies of her trial counsel in his representation of her both pre-trial and at the trial. The applicable article in this case is La. C.C.P. art. 1973, which provides discretionary grounds for the trial court to grant a new trial, and states that "[a] new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law." The granting or denial of a motion for new trial is within the vast discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. La. C.C.P. art. 1973; Morehead v. Ford Motor Company, 29,399 (La.App. 2d Cir.5/21/97), 694 So.2d 650, writ denied, 97-1865 (La.11/7/97), 703 So.2d 1265. In deciding whether to grant a new trial, the trial court may evaluate the evidence without favoring any party, draw its own inferences and conclusions and assess the credibility of witnesses. Id.; May v. Jones, 28,106 (La.App. 2d Cir.5/8/96), 675 So.2d 275, writ denied, 96-1466 (La.9/27/96), 679 So.2d 1354.
Mrs. Fox asserts that her trial counsel was woefully deficient in the following nonexclusive respects: (1) failing to file any pre-trial documents; (2) conducting no discovery; (3) failing to satisfy any of the requirements on the scheduling order; (4) failing to tender any pre-trial inserts and (5) only tendering one proposed jury instruction. In addition, she notes that trial counsel failed to prepare exhibits for the jury, an opening or closing statement and called only her chiropractor to testify. Mr. Kelly neither deposed nor called to testify other key witnesses in the case. Mrs. Fox, her husband and her chiropractor were the only witnesses called on her behalf.
On the other hand, counsel for Defendants argued to the trial court that Mrs. Fox had had her day in court and any redress for the alleged ineffective assistance of counsel was available via malpractice action rather than conducting a new trial. The trial court agreed and we find no abuse of discretion in the trial court's determination in this regard. In the case sub judice, after hearing the evidence and reviewing all of the medical records, which were introduced without objection, the trial court determined that adjusting the damage awards through a partial grant of the motion for JNOV was most appropriate and, as discussed below, we find no error in this conclusion.

Partial Grant/Denial of JNOV
Under La. C.C.P. art. 1811, a JNOV is appropriate when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court finds that reasonable people could not arrive at a contrary verdict. A motion for JNOV should be granted only when the evidence points so strongly in favor of the moving party that reasonable people could not have reached a different conclusion. If there is evidence opposed to the motion for JNOV of such quality and weight that reasonable and fair-minded people, in the exercise of impartial judgment, might reach different conclusions, the motion should be denied. Anderson v. New Orleans Public Service, Inc., 583 So.2d 829 (La.1991); Scott v. Hospital Service District No. 1 of Parish of St. Charles, 496 So.2d 270 (La.1986).
In considering a motion for JNOV, the trial court should not evaluate the credibility of witnesses, nor substitute its own reasonable inferences of fact for the jury's as long as reasonable inferences can be made to support the jury's verdict. All reasonable inferences or factual questions *306 should be resolved in favor of the non-moving party. Anderson v. New Orleans Public Service, Inc., supra; Brantley v. General Motors Corporation, 573 So.2d 1288 (La.App. 2d Cir.1991), writ denied, 577 So.2d 17 (La.1991).
A JNOV is a procedurally correct device for raising or lowering an unreasonable damage award. La. C.C.P. art. 1811; Lilly v. Allstate Insurance Company, 577 So.2d 80 (La.App. 1st Cir.1990), writ denied, 578 So.2d 914 (La.1991). When a trial court has determined that a JNOV is warranted because reasonable men could not differ on the fact that the award was either abusively high or abusively low, it must determine what is the proper amount of damages to be awarded. In making this determination, the trial court is not constrained as are the appellate courts to raising (or lowering) the award to the lowest (or highest) point reasonably within the discretion afforded that court. Rather, the trial court should render a de novo award of damages based on its independent assessment of damages. Anderson v. New Orleans Public Service, Inc., supra. Medical expenses are a proper item of damages. Thames v. Zerangue, 411 So.2d 17 (La.1982). A jury is in error for failure to award the full amount of medical expenses proven by the victim. Sumrall v. Sumrall, 612 So.2d 1010 (La. App. 2d Cir.1993).
In the present case, the trial court provided thorough reasons supporting its de novo assessment of special damages, including an item by item summary of each expense it found to be causally related to the accident. The trial court raised the amount of special damages from $7,000, which was the least amount of specials suggested by defense counsel, but which was not supported by any specific calculation, to a precise amount of $12,158.44, which is well-supported by the medical records. The trial court refused to award special damages for the Bell's Palsy allegedly suffered by Mrs. Fox, as it found absolutely no causal relation to the accident. These conclusions are overwhelmingly supported by the record and are not manifestly erroneous or clearly wrong.
Regarding general damages, we note that, in most cases, it is error of law to award special damages for medical expenses and nothing for personal injury, pain and suffering; JNOV is the suitable means of correcting this error. Sumrall v. Sumrall, supra.
General damages are those which may not be fixed with pecuniary exactitude. Odom v. Claiborne Electric Co-op., Inc., 623 So.2d 217 (La.App. 2d Cir.1993), writ denied, 629 So.2d 1171 (La. 1993). A trier of fact has great discretion in fixing general damages. A trial court's award of general damages should not be overturned by a reviewing court absent an abuse of discretion. Coffin v. Board of Supervisors of Louisiana State University, 620 So.2d 1354 (La.App. 2d Cir.1993).
General damages involve mental or physical pain or suffering, inconvenience, loss of intellectual gratification or physical enjoyment or other losses of life or lifestyle which cannot be definitively measured in monetary terms. Odom v. Claiborne Electric Co-op, Inc., supra. When damages are insusceptible of precise measurement, much discretion is left to the trial court for the reasonable assessment of these damages. La. C.C. art. 1999; Spurrell v. Ivey, 25,359 (La.App. 2d Cir.1/25/94), 630 So.2d 1378. An appellate court should rarely disturb an award for general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
*307 Our review of the record leads this court to agree with Defendants that the trial court generously awarded the sum of $10,000 in general damages, despite the jury's apparent conclusion that Mrs. Fox was not a credible witness and despite the inconsistencies plainly revealed between her trial and deposition testimony. This award is neither manifestly erroneous nor clearly wrong and we will not disturb it on appeal.
In addition, we find no error in the trial court's refusal to disturb the jury's allocation of fault of 20 per cent to Mr. Layton and 80 per cent to the phantom driver of the 18-wheeler. The jury credited Mrs. Layton's testimony regarding how the accident occurred, to the effect that the truck moved across the white line into Mr. Layton's lane of travel, leaving Mr. Layton with no choice but to brake and move quickly to the left to avoid colliding with the truck. There is nothing in this record to suggest that this finding was unreasonable, nor is there overwhelming evidence to the contrary. The trial court's denial of the JNOV as to allocation of fault will not be disturbed.

CONCLUSION
For the reasons stated herein, the judgment of the trial court denying Plaintiff's motion for new trial is affirmed. The partial grant of JNOV and attendant awards of special damages in the amount of $12,158.44 and general damages in the amount of $10,000 are affirmed. The denial of JNOV as to allocation of fault is affirmed. Costs of appeal are assessed to Plaintiff, Tina Fox.
AFFIRMED.