DOWNING, J.
 

 IgMaria Clara Grano Sanchez and Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau) appeal a judgment notwithstanding the verdict (JNOV) in which the trial court awarded certain special and general damages to Shelby Graffia resulting from a traffic accident. Graffia answers the appeal asserting that the jury and trial court erred in allocating a percentage of the fault in the accident to Graffia. For the following reasons, we affirm the judgment of the trial court.
 

 FACTS AND PROCEDURAL HISTORY
 

 This litigation arises from an automobile accident at an intersection where Graffia intended to make a left-hand turn. Sanchez had pulled up behind Graffia. What happened next is the dispute at the heart of this litigation. Graffia alleges that Sanchez rear-ended her suddenly and without warning. Sanchez asserts that Graffia caused the accident by stopping suddenly and without warning after commencing
 
 *272
 
 into the intersection, such that she was unable to stop in time to avoid hitting Graffia. Both parties also contest the extent of the damage to Graffia’s vehicle and the extent of her personal injuries.
 

 Graffia filed suit against Sanchez and Farm Bureau for damages. Upon the trial of the matter, the jury found Graffia 55% at fault and Sanchez 45% at fault. Pertinently here, the jury awarded $1,453.48 in past medical expenses. This amount totaled the cost of three emergency room visits within eleven days of the accident. The jury awarded $0.00 in general damages. In response to the jury interrogatory, “Did the plaintiff, Shelby Graffia, suffer any bodily injury as a result of the accident of July 22, 2005?,” the jury responded, “Yes.”
 

 Graffia filed a motion for JNOY, or in the alternative, a motion for new trial. The trial court granted the JNOV and ruled, therefore, that the motion for new trial was moot. On the JNOV, the trial court declined to amend the allocation of fault. |3It did, however, award general damages in the amount of $75,000.00 and awarded $12,739.23 as special damages for past medical expenses.
 

 Sanchez now appeals, asserting three assignments of error, as follows:
 

 1. The trial court erred by granting the plaintiffs motion for JNOV on the issue of damages.
 

 2. In the alternative, if this court finds that the trial court properly granted the JNOV, then the trial court applied the wrong standard of review when it made a
 
 de novo
 
 review of the damage award.
 

 3. In the alternative, if this court finds that the trial court properly granted the JNOV, then the trial court’s award of general damages and medical costs was excessive.
 

 Graffia answered the appeal, asking this court to amend the allocation of fault such that Sanchez be found 100% at fault in causing the accident.
 

 DISCUSSION
 

 Propriety of JNOV
 

 Because we conclude under the facts of this case that the jury erred in failing to award general damages for injuries with objective symptoms, we further conclude that the trial court did not err in entering JNOV in this matter on the issue of damages.
 

 “A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the trial court believes that reasonable jurors could not find otherwise.”
 
 Cavalier v. State, ex rel. Dept. of Transp. and Development,
 
 08-0561, p. 13 (La.App. 1 Cir. 9/12/08) 994 So.2d 635, 644. And once the jury verdict is set aside under the strict JNOV standards, the trial court becomes the trier of fact with the responsibility to review the award
 
 de novo. Roberts v. Owens-Corning Fiberglas Corp.,
 
 03-0248, p. 3 n. 2 (La.App. 1 Cir. 4/2/04), 878 So.2d 631, 637 n. 2. Tautologically, when a jury errs in its award of general damages, reasonable jurors could not reach such an award; entry of JNOV is, therefore, warranted and the trial court becomes the
 
 de novo
 
 trier of fact.
 

 14Here, the jury made a specific finding in the jury interrogatories that Graffia suffered bodily injury as a result of the accident at issue. It awarded $1,453.48 in past medical expenses, which is the exact amount due from Graffia’s three emergency room visits, including physician’s fees. The records of those visits show that these visits were more than precautionary or for purposes of evaluation. Rather, the records of the first visit
 
 *273
 
 on July 23, 2005 show that Graffia was treated for intense pain and was prescribed appropriate medication. On the second visit on July 26, the record shows that Graffia was complaining of increased neck pain. She was suffering from severe muscle spasms, intense pain and other symptoms. She was prescribed more medicine. On the third visit on August 2, she was treated for less severe neck pain and a cervical strain.
 

 Graffia argues that the supreme court’s decision in
 
 Wainwright v. Fontenot,
 
 00-0492 (La.10/17/00), 774 So.2d 70, requires that we reverse the entry of JNOV because it ruled that it is not necessarily legal error for a jury to award medical expenses without awarding general damages for pain and suffering. Quoting
 
 Wainwright,
 
 00-0492, 774 So.2d at 76, he argues that “a jury, in the exercise of its discretion as factfinder, can reasonably reach the conclusion that a plaintiff has proven [her] entitlement to recovery of certain medical costs, yet failed to prove that [she] endured compensable pain and suffering.”
 

 Waimmight,
 
 however, did not expressly abrogate the long-standing line of jurisprudence that “it is legal error to award special damages for a personal injury, yet simultaneously refuse to award general damages for injuries with objective symptoms or findings.” (Emphasis added.)
 
 Leighow v. Crump,
 
 06-0642 (La.App. 1 Cir. 3/23/07), 960 So.2d 122, 129,
 
 writs denied,
 
 07-1195, 07-1218 (La.9/21/07), 964 So.2d 337, 341.
 

 Further, in
 
 Wainwright,
 
 00-0492, 774 So.2d at 75, the supreme court explained that “a jury verdict awarding medical expenses but simultaneously | ^denying damages for pain and suffering will most often be inconsistent in light of the record.”
 
 Wainwright,
 
 00-0492, 774 So.2d at 74-76, instructs us to review the jury’s award under the abuse of discretion standard. In
 
 Wainwright,
 
 the supreme court held that “the particular facts of each case are ultimately determinative” regarding whether no award for general damages is inconsistent with an award for special damages, and that “there is no bright line rule at work” in situations where special damages are awarded but general damages are not.
 
 Wainwright,
 
 00-0492, 774 So.2d at 76.
 

 Examining
 
 Wainwright,
 
 this court explained in
 
 Leighow,
 
 06-0642, 960 So.2d at 129, that the supreme court ruling appears to be limited to matters in which medical treatment was precautionary or evaluative, as follows:
 

 [T]he court recognized a narrow exception to that general finding of inconsistency, applicable where the evidence supports a finding that a person incurred special damages (medical expenses) but did not necessarily experience compensable pain and suffering, because the medical treatment was precautionary or to simply evaluate whether or not physical injury occurred.
 

 Here, under the particular facts of this case, we cannot conclude that Graffia incurred special damages without attendant physical pain and suffering. Accordingly, we find no error in the trial court’s entry of JNOV, whether based on legal error or abuse of discretion, and will affirm the judgment in this regard. Sanchez’s first assignment of error is without merit.
 

 Review of Damage Award
 

 Sanchez next argues that should we uphold the JNOV, we should review the award for general damages under the abuse of discretion standard as outlined in
 
 Wainwright,
 
 00-0492, 774 So.2d at 74-76. And the
 
 Wainwright
 
 court stated: “There is no question that the abuse of discretion standard of review applies when an appel
 
 *274
 
 late court examines a factfinder’s award of general damages.”
 
 Wainwright,
 
 00-0492, 774 So.2d at 74.
 

 | fiHere, in this regard, the trial court became the factfinder when it entered JNOV.
 
 Roberts,
 
 03-0248, 878 So.2d at 637 n. 2. It is the trial court’s award, therefore, that we are to review for abuse of discretion. The cases cited by Sanchez are inap-posite in that they consider an appellate court’s review of jury awards and do not address a trial court’s awards on JNOV.
 

 Sanchez does not argue that the trial court’s findings of special damages are manifestly erroneous. Nor does she argue that its award of general damages is abusively high. And we cannot disturb the trial court’s award unless it abused its discretion, as explained in
 
 Coco v. Winston Indus., Inc.,
 
 341 So.2d 332, 335 (La.1976), as follows:
 

 [Bjefore a Court of Appeal can disturb an award made by a trial court ... the record must clearly reveal that the trier of fact abused its discretion in making its award. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. (Internal citations omitted.)
 

 On review of the record, we conclude that the trial court’s award of special damages for past medical expenses is supported by the record and is not manifestly erroneous. Further, we conclude that its award of general damages is not abusively high in light of the harm suffered and injuries incurred. Accordingly, we will affirm the judgment in these regards. Sanchez’s second and third assignments of error are without merit.
 

 Apportionment of Fault
 

 Graffia filed an answer to the appeal, arguing that the jury erred in apportioning 55% fault to her and 45% fault to Sanchez, especially given the presumption that in a rear-end collision the following driver is at fault. The trial 17court specifically denied JNOV on this issue.
 
 [1]
 
 In oral reasons it stated its agreement with the jury’s apportionment.
 

 Graffia argues that the jury erred in apportioning fault to her because Sanchez failed to rebut a presumption of negligence when Sanchez rear-ended her. And a legal presumption does exist that a following motorist who collides into the rear end of a leading automobile is at fault.
 
 Matherne v. Lorraine,
 
 03-2369 (La.App. 1 Cir. 9/17/04), 888 So.2d 244, 246. The following motorist must exonerate himself or herself from fault before he or she can completely avoid liability.
 
 Id.
 
 However, notwithstanding the presumption of negligence, a favored motorist can still be assessed with comparative fault if his or her substandard conduct contributed to the cause of the accident.
 
 Id.
 
 “[OJnce the presumption of negligence attaches to the defendant, the ordinary rules of comparative negligence apply and, thus, a plaintiffs damage award may be reduced by the degree that he was comparatively at fault.”
 
 Id.
 
 Accordingly, the jury did not err in apportioning fault between Sanchez and Graffia.
 

 We review allocations of fault employing the manifest error standard.
 
 Laborde v. St. James Place Apartments,
 
 05-0007 (La.App. 1 Cir. 2/15/06), 928 So.2d
 
 *275
 
 643, 647. “As with other factual determinations, the trier of fact is vested with much discretion in its allocation of fault. Therefore, an appellate court should only disturb the trier of fact’s allocation of fault when it is clearly wrong or manifestly erroneous.” (Citation omitted.)
 
 Duncan v. Kansas City Southern Railway Co.,
 
 00-0066 (La.10/30/00), 773 So.2d 670, 680. Only after making a determination that the factfinder’s apportionment of fault is clearly wrong can we disturb the award, and then only to the extent of lowering it or raising it to the highest or lowest point respectively which is reasonably within the trial court’s discretion.
 
 Id.
 

 [sThe court in
 
 Watson v. State Farm Fire and Cas. Ins. Co.,
 
 469 So.2d 967, 974 (La.1985) listed a number of factors for us to consider in determining the portion of fault attributable to the parties, including the level of the risk, whether the behavior was inadvertent or done with awareness of the danger, the significance of what was sought, the capacities of the parties, and any other extenuating circumstances. Reviewing these factors as they apply to this case, we cannot say the jury was manifestly erroneous in apportioning fault as it did. While Sanchez is presumed to be at fault to some degree, the jury could have reasonably found that Graffia stopped suddenly and without reason, precipitating the accident.
 

 Despite Graffia’s contention, the jury was free to credit the testimony of Sanchez. Where a factfinder’s determination is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong unless “documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact-finder would not credit the witness’s story.” (Citation omitted.)
 
 Ryan v. Zurich American Ins. Co.,
 
 07-2312 (La.7/1/08), 988 So.2d 214, 222. No such impediments exist to Sanchez’s testimony.
 

 Under the facts of this case, and employing the proper standards and analysis, we cannot conclude the jury was manifestly erroneous in allocating 55% of the fault in this accident to Graffia and 45% to Sanchez. Accordingly, we find no merit in Graffia’s assignment of error on answer to appeal. We will affirm the judgment in this regard.
 

 DECREE
 

 For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed one-half to Maria Clara Grano Sanchez and Louisiana Farm Bureau Casualty Insurance Company and one-half to Shelby Graffia.
 

 AFFIRMED.
 

 [1]
 

 . Louisiana Code of Civil Procedure art. 181 IF specifically provides that ^[tlhe motion for a judgment notwithstanding the verdict may be granted on the issue of liability or on the issue of damages or on both issues.”