McDonald, j.
12In this case, the defendants appeal a trial court judgment finding the defendant driver solely at fault in causing an automobile accident and the amount of general damages awarded to the plaintiff for his personal injuries. We affirm the findings of liability and amend the damage award.
FACTS AND PROCEDURAL HISTORY
On January 27, 2006, plaintiff, Terry Lee, was backing his truck and trailer into his private drive off of LA 1026 in Livingston Parish when he was struck by a vehicle traveling northbound on LA 1026 driven by defendant, Jerry Briggs. Lee subsequently filed suit against Briggs and his insurer, Safeway Insurance Company of Louisiana, for his injuries and property damage resulting from the accident. After a bench trial, the court found Briggs to be 100 percent at fault in causing the accident and rendered judgment in favor of Lee and against Briggs and Safeway in the amounts of $10,000.00 for general damages, $4,522.00 for medical bills, and $4,018.79 for property damage. This appeal followed, in which defendants assert that the trial court’s allocation of fault and general damages award were erroneous.
DISCUSSION
In their first assignment of error, defendants argue that the trial court should have assigned the majority of the fault to the plaintiff because he breached his duty to yield to oncoming traffic. In support of *364 their assertion that plaintiff breached that duty, defendants cite a statute and cases dealing with the duties of care owed by and to a vehicle entering a highway from a private driveway or private roads. However, that was not the situation in this case. The plaintiff was not entering the highway; he was leaving the highway and entering a private driveway. Regardless of the duty of care |sowed by the plaintiff to other vehicles approaching him on the highway, the trial court found that the cause of this accident was Briggs’s speed and failure to look out for other vehicles.
After considering all the evidence presented at trial, the trial court found Lee to be free from fault in causing the accident. The court noted that Briggs “had time to see [Lee’s] vehicle,” but was “operating his vehicle in a manner which was too fast for the conditions.” The court concluded that had Briggs “been driving slower or paying more attention, he could have avoided the accident.”
As with other factual determinations, the trier of fact is vested with much discretion in its allocation of fault. Therefore, we review allocations of fault employing the manifest error standard. Laborde v. St. James Place Apartments, 05-0007, p. 5 (La.App. 1 Cir. 2/15/06), 928 So.2d 643, 647. Only after making a determination that the factfinder’s apportionment of fault is clearly wrong can we disturb the award, and then only to the extent of lowering it or raising it to the highest or lowest point respectively which is reasonably within the trial court’s discretion. Id.
The court in Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967, 974 (La.1985), listed a number of factors for us to consider in determining the portion of fault attributable to the parties, including the level of the risk, whether the behavior was inadvertent or done with awareness of the danger, the significance of what was sought, the capacities of the parties, and any other extenuating circumstances. Reviewing these factors as they apply to this case, we cannot say the court was manifestly erroneous in apportioning fault as it did, although we might have assigned some degree of fault to the plaintiff had we been sitting as trier of fact.
| defendants next argue that the trial court erred in awarding plaintiff general damages for four months of pain and suffering when the evidence only supported an award for three months. The defendants point out that after approximately two months of treatment, plaintiff stopped treatment for several weeks and began again for a brief period of time prior to discontinuing treatment. When questioned about this gap in treatment at trial, Lee testified that he stopped treatment with his chiropractor for a few weeks, although he was still in some pain, because he was attending real estate school all day and looking for a job, but that he went back for more treatment after experiencing a “flare up” in pain. The trial court, after hearing this testimony about the gap in treatment, found that Lee experienced four months of pain and suffering caused by the accident.
This court is not the finder of fact, but must review the cold record; we do not have the benefit of hearing the witnesses. Although this court might weigh the evidence differently if it were the trier of fact, we are mindful of our role as a reviewing court and may not substitute our view of the evidence for that of the trial court when that court’s view is reasonable and supported by evidence. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
However, the standard of review that applies to an appellate court’s examination of a factfinder’s award of general damages is whether the fact finder abused *365 its discretion. Graffia v. Louisiana Farm, Bureau Cas. Ins. Co., 08-1480, p. 5 (La.App. 1 Cir. 2/13/09), 6 So.3d 270, 273-74. We recognize the vast discretion that the trial court possesses on the issue of quantum. However, it is still reviewable under the abuse of discretion standard and we take issue with the trial court’s attempted use of a mathematical formula to arrive at a general damage award. The trial court awarded $2,500 per month in general damages for four months for a total of |B$10,000. The trial court has the responsibility to tailor the damage award in each case to fit the specific facts of the case, not use a “cookie cutter” approach in determining the amount of damages. To do so is an abuse of discretion or a lack of the exercise of discretion. Additionally we believe the $10,000 general damage award to Mr. Lee is an abuse of discretion. The record establishes that Mr. Lee experienced neck and back pain after the accident and received regular chiropractic care from January 31st through April 7th of 2006, a period of approximately two months. Mr. Lee testified that his pain was “pretty much over” in April, but he returned for four treatments in May when his pain flared up.
Although the trial court expressly awarded $2,500 per month for four months of pain and suffering, Mr. Lee’s testimony does not establish that he was actually in pain for four full months. Further, based on the medical evidence, Mr. Lee saw no other medical doctor other than the chiropractor. He did not testify that he took any over-the-counter pain medication and there is no evidence that he was ever prescribed any pain medication. The chiropractic records establish that the treatments were of a conservative nature, consisting of ultrasounds, manipulations, traction, and the application of cold packs. Beginning with the initial treatment on January 31, 2006, Mr. Lee received three treatments per week for the month of February through the treatment on Friday, March 17. For the remainder of March and through the first week of April, when he ceased treatment for a month, he was only receiving two treatments a week. When he returned for additional treatment in May, he received one treatment per week. Thus, it is difficult to maintain that the amount of pain and suffering he was experiencing in the first six weeks (3 treatments a week) was the same as for the next four weeks |fi(2 treatments a week), or for the last month (1 treatment a week). Based on this medical record, we amend the damage award to $6,225.
DECREE
The judgment of the trial court is affirmed on the issue of liability. The general damage award of $10,000 is reduced to $6,225. The costs of this appeal are to be split between the parties with the defendants, Jerry Briggs and Safeway Insurance Company of Louisiana, cast for two-thirds and the plaintiff, Terry Lee cast for one-third.
AFFIRMED IN PART, AMENDED IN PART. RENDERED.
WELCH, J., dissents in part and agrees in part and assigns reasons.
GAIDRY, J., agrees in part, dissents in parts with reasons.
GUIDRY, J., dissents in part for the reasons assigned by KUHN, J.
KUHN, J., dissents in part and assigns reasons.