HOLDRIDGE, J. lain this personal injury suit, defendants, Safeco Insurance Company and Austin T. Tynes, appeal a judgment awarding plaintiff, Juliet L. All, $66,000.00. in general damages, which was reduced to $50,000.00 as a result of the parties- stipulation,. For the reasons that follow, we affirm. FACTUAL AND PROCEDURAL HISTORY On April 14, 2015, Mrs. All was operating a 2009 Honda Accord, traveling west on Louisiana Highway 934 in Ascension Parish near the intersection of Louisiana Highway 934 and George Rouyea Road. At the same time, Mr. Tynes was operating a 2007 Chevrolet Silverado, traveling north on George Rouyea Road, when he failed to stop at the stop sign, striking Mrs. All’s vehicle on its driver’s side, propelling her vehicle off the road and into a ditch. Ultimately, her vehicle was declared a total loss. As a result of the collision, Mrs. All was treated the day of the accident at St. Elizabeth Hospital where she was diagnosed with chest pain and neck strain and prescribed medications. X-rays were taken and no fractures or broken bones were found. When her pain would not recede, Mrs. All sought treatment with Dr. Scott Petrie, an orthopedic surgeon at Ortho-paedic & Sports Clinic in Gonzales, Louisiana. On May 4, 2015, Dr. Petrie diagnosed Mrs. All with cervical spine strain/spasm/contusion and whiplash. After reviewing Mrs. All’s x-rays, Dr. Petrie determined that Mrs. All had some soft tissue damage and prescribed her anti-in-flammatories and referred her to Baton Rouge Physical Therapy. On June 11, 2015, after ten sessions of physical therapy, Mrs. All’s progress report from Baton Rouge Physical Therapy stated that three goals were established: (1) she was able to use a computer over two hours without significant pain; (2) she could tolerate one hour or more of driving without aggravating pain; and (3) she could tolerate lasitting for two hours without aggravating pain. Due to family and work issues,[1] Mrs. All did not return for treatment with Dr. Petrie until November 20, 2015, complaining of daily neck spasms and burning sensations. Mrs. All saw Dr. Petrie monthly until her last visit on February 17, 2016, when Dr. Petrie examined her and noted that there was no change since her first visit and that she had still not improved. Dr. Petrie told Mrs. All to only come back and see him if she would consider additional physical therapy. On March 18, 2016, Mrs. All filed a Petition for Damages against Mr. Tynes and his insurer, Safeco, alleging that Mrs. All sustained injuries from the accident and was entitled to damages for those injuries. On December 8, 2016, the parties stipulated that Mr. Tynes was solely at fault for the accident and that he was an insured driver under an automobile insurance policy issued by Safeco at the time of the accident. The parties further stipulated that Mrs. All’s damages would not exceed $50,000.00, exclusive of judicial interest and costs. A bench trial was held on February 13, 2017, to determine the nature, severity, and extent of Mrs. All’s bodily injuries sustained in the accident. At trial, Mrs. All was questioned extensively about her neck pain and her progress during physical therapy. Mrs. All testified that she had physical therapy sessions twice a week for four or five weeks. Mrs. All testified that when she went to physical therapy it would ease her pain “for a little while, an hour or so.” When asked if she felt that' physical therapy did her any good as a long-term cure, Mrs. All stated “[n]o, it was’t a long-term cure. It was a temporary fix.” At the conclusion of the bench trial, the trial court orally ruled stating, in pertinent part: LOASES OF THIS NATURE NORMALLY BOIL DOWN TO THE CREDIBILITY OF THE WITNESSES AS TO THE PAIN INCURRED. I CAN TELL YOU MANY TIMES I SEE WITNESSES OR PLAINTIFFS WHO TESTIFY ABOUT THE DEGREE OF PAIN AND IT’S JUST NOT CREDIBLE TESTIMONY BASED ON THE FACTS OF THE PARTICULAR CASE. IN THIS CASE, THIS LADY WAS STRUCK BY ANOTHER VEHICLE. VEHICLE ENDED UP IN A DITCH. [MRS.] ALL’S TESTIMONY IS VERY CREDIBLE INSOFAR AS THIS COURT IS' CONCERNED. I DON’T THINK SHE TRIED TO MAXIMIZE THE DEGREE OF PAIN SHE SUFFERED AS A RESULT OF THIS PARTICULAR ACCIDENT. ' *** NORMALLY, IF I GO WITH MY NORMAL PROCEDURE, FOR SOFT TISSUE INJURIES, I NORMALLY AWARD ANYWHERE FROM [$]3,000 TO $3,500 A MONTH. AS I STATED, THE PLAINTIFF WAS VERY CREDIBLE IN HER TESTIMONY AS TO THE PAIN SHE HAS SUFFERED AND SHE IS STILL SUFFERING THAT PAIN. THEREFORE, IN LIGHT OF THAT TESTIMONY, WE’RE LOOKING AT A DURATION OF PAIN THAT EXCEEDS 22 MONTHS, WHICH WOULD PUT US THROUGH FEBRUARY OF THIS YEAR. IF I USE THAT FIGURE OF $3,000, I END UP WITH A FIGURE OF ... $66,000 IN ADDITION TO THE MEDICAL EXPENSES INCURRED. On February 20, 2017, the trial court signed a judgment in accordance with its oral ruling, awarding Mrs. All $66,000.00 in general damages, which was reduced to $50,000.00 as a result of the parties’ stipulation. Thereafter, Safeco and Mr. Tynes appealed assigning as error that the trial court abused its discretion in awarding Mrs. All $50,000.00 in general damages when her alleged injuries were of short duration and minimum severity. DISCUSSION The only issue on appeal is whether the trial court correctly determined that Mrs. All was entitled to the full sum awarded by the trial court in general damages. General damages involve mental or physical pain or suffering, inconvenience, loss of gratification or intellectual or physical enjoyment, or other losses of lifestyle that cannot be measured definitively in terms of money. Boudreaux v. Farmer, 604 So.2d 641, 654 (La. App. 1 Cir.), writs denied, 605 So.2d 1373, 1374 (La. 1992). The primary objective of general damages is to restore the party in as near a fashion as possible to the state he was in at the time immediately preceding injury. Lohenis v. Rousse, 2014-1078 (La. App. 1 Cir. 3/9/15), 166 So.3d 1020, 1024. The role of the appellate court in reviewing general damages is not to decide what an appropriate award is, but rather to review the trier of fact’s exercise of discretion. See La. C.C. art. 2324.1. The initial inquiry is whether the award for the particular injuries-and their effects under the circumstances -on the injured person is a clear abuse of the “much discretion” of the trier of fact. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La. 1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994); Lee v. Briggs, 2008-2120 (La. App. 1 Cir. 9/10/09), 23 So.3d 362, 364-65. Because the discretion vested in the trier of fact is so great, and even vast, an appellate court should rarely disturb an "award of general damages on review. Youn, 623 So.2d at 1261. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effect of the particular injury, to the particular plaintiff, under the particular circumstances, that the appellate court should increase or reduce the award. Id. In the instant matter, Safeco and Mr. Tynes argue that the trial court abused its discretion in awarding Mrs. All $50,000.00 in general damages because it ignored the minimal.severity of Mrs. All’s injury and simply .used its normal procedure of awarding $3,000.00 to $3,500.00 a month for a soft tissue injury, from the time of injury to the trial date. The crux of Safeco and Mr. Tynes’s argument is that the evidence presented at trial regarding Mrs. All’s. injury does not support the trial court’s general damage award. Safeco and Mr. Tynes .further argue that the trial court ignored the fact that Mrs.- All had met her intended goals of physical Ifitherapy within six weeks of the accident, then received no medical treatment for her injury for five months until November 2015, showing that she failed to. mitigate her damages. Mrs. All counters that the-trial court did not abuse its discretion in her. award of general damages. Mrs. All’s testimony at trial revealed that she endured and continues to endure significant pain and suffering as a result of the accident with Mr. Tynes, still experiencing pain primarily in her neck. Mrs. All stated, that she was fifty-five years old and had never experienced pain in her neck.before the accident, and now she suffers discomfort daily. Since the accident, she has consistently taken over the counter medications as well as prescribed medications, and participated in physical therapy to reduce the pain. Mrs. All stated that although these treatments and, multiple sessions of physical therapy eased some of her neck pain, it was only a temporary fix. Mrs. All further testified that the reason she stopped treatment in November of 2015 and did not return until February of 2016 was due to family and work issues. Specifically, Mrs. All testified-that her appointments “had to take the back seat-because [her husband’s] health was more important at the time.” Mrs. All explained that she has not been .back to see Dr. Petrie since her February visit because she “was going to physical therapy on [her] lunch hour, and physical therapy takes an hour. And to get there and back [was] another 30 minutes.” Mrs. All felt that she was doing an injustice to her employer and did not want to lose her job. An accident victim has a duty to exercise reasonable diligence and ordinary, care to minimize his damages after injury has been inflicted. Jacobs v. New Orleans Public Service, Inc., 432 So.2d 843, 845 (La. 1983). An accident victim though need not make extraordinary or impractical efforts, but must undertake those which would be pursued by a person of ordinary prudence under the |7circumstances. Meshell v. Lovell, 98-1192 (La. App. 3 Cir. 3/17/99), 732 So.2d 83, 87, writ denied, 99-1055 (La. 6/4/99), 744 So.2d 626. Considering the totality of Mrs. All’s circumstances, an ordinary person in her circumstances would have acted in a similar manner. It was not impractical or unreasonable for Mrs. All not to continue physical therapy if it would have prevented her from caring for her husband, who was receiving cancer treatments, or cause her to lose her job. Therefore, Mrs. All acted as a reasonable prudent person to mitigate her damages as much as possible considering her circumstances. • To corroborate Mrs. All’s testimony, Dr. Petrie stated in his deposition that the last time he saw Mrs. All was on February 17, 2016, and his diagnosis of her was still the same as the first time he saw her in May of 2015. When Dr. Petrie was asked if he thought that it was more probable than not that Mrs. All’s neck pain was caused by the accident on April 14, 2015 he responded .“yes.” . . After reviewing the record, we conclude the trial court reasonably, assessed general damages in this case based on the injuries suffered by Mrs. All. The trial court’s award of general damages is given great deference and the appellate court should review the discretion of the trier of fact in accordance with the circumstances of the case. Youn, 623 So.2d at 1260. The trial court did not abuse its discretion in awarding Mrs. All $66,000.00 in general damages, reduced to $50,000.00, as it was proven that her pain and suffering continued from the accident until trial. Regardless of the lapse in her treatment, Mrs. All’s testimony at trial, corroborated by Dr. Petrie’s deposition, revealed that she continued to have neck pain during those five months and continued to have that same pain the day of trial. Based on the evidence and testimonies of the witnesses, we cannot say the trial court’s award for general damages represents an abuse of its vast discretion. ^CONCLUSION The trial court’s February 20,2017 judgment, in favor of Juliet L. AIL and against Safeco Insurance Company and Austin T. Tynes is affirmed. Costs of the appeal are assessed to Safeco Insurance. Company and Austin T. Tynes. AFFIRMED. . Mrs. All was the sole income provider for her family and had to balance providing an income, taking her husband to his cancer treatments in Houston, Texas, and attending physical therapy sessions during work hours.