LINDA BOMBARDIER　　　　　　*　　　NO. 2021-CA-0590

VERSUS　　　　　　　　　　　*　　　COURT OF APPEAL

RICHARD CLASEN,　　　　　　*　　　FOURTH CIRCUIT
FARMERS INSURANCE
GROUP, AND PROGRESSIVE　　*　　　STATE OF LOUISIANA
SECURITY INSURANCE
COMPANY　　　　　　　　　　*

　　　　　　　　　　　　　*
　　　　　* * * * * * *

SCJ
**JENKINS, J., DISSENTS WITH REASONS**

I respectfully dissent. I do not find that the trial court erred in setting aside the jury's verdict and awarding additional damages for neck and back injuries.

The majority opinion finds that the trial court erred in reversing the jury's finding that the accident caused only Ms. Bombardier's shoulder re-injury and awarding additional general and special damages for Ms. Bombardier's back and neck injuries. However, to reach such a conclusion is speculative when the jury interrogatories did not delineate Ms. Bombardiers' injuries.

In *Delores M. v. S. Farm Bureau Cas. Ins. Co.*, 44,883, p. 1 (La. App. 2 Cir. 1/6/10), 29 So.3d 654, 658, the appellate court reviewed whether the trial court erred in granting the plaintiff's motion for judgment not withstanding the verdict and increasing the jury's award by $500,000.00. The jury failed to award past special damages, general damages, and loss of earning capacity. *Id.* The court explained that the jury's verdict which failed to award general damages was illogical and inconsistent, representing an abuse of discretion. The court also noted that "the jury's award for special medical damages only purported to address the future medical expenses, ignoring the past special medical damages which were stipulated by the parties." *Id.* at p. 9, 29 So.3d at 661. The court provided:

> The jury was obviously confused in filling out the verdict form
> without consideration of the previously tendered insurance payments

1

as instructed by the form. In such case, neither the trial court nor a court of appeal can speculate regarding what the flawed jury verdict might mean . . . The trial court was therefore correct in granting the JNOV, overruling the jury's verdict, and conducting a *de novo* review of the record for the determination of damages and the issue of penalties.

*Id*. at p. 9, 29 So.3d at 661-62. The *Delores M*. court noted that awards for lost future income are inherently speculative, and courts must exercise sound discretion to render awards which are consistent with the record and do not work a hardship on either party. *Id.* at p. 17, 29 So.3d at 665 (citing *Doss v. Second Chance Body Armor, Inc*., 34,788 (La. App. 2 Cir. 8/22/01), 794 So.2d 97). From the appellate court's review of the record, it found that the trial court's additional award for future economic loss and training and medical expenses were adequate. *Id*. at 18, 29 So.3d at 666.

Here, the majority's theory is that causation was put to the jury in the first interrogatory and the jury's affirmative answer to the interrogatory is ambiguous because it can be construed to mean that the jury found either all or some of Ms. Bombardier's injuries were caused by the October 10, 2012 accident; however, the jury's response to the second interrogatory clarifies any ambiguity.

I do not agree with the majority's assessment that the accident only caused a re-injury to Ms. Bombardier's shoulder. The jury's award of $51,537.00 for past medical expenses exceed the $22,145.41 in past medical expenses that were introduced at trial for Ms. Bombardier's shoulder injury.

Similar to *Delores M.*, the record shows that the jury was confused in filling out the verdict form. The jury determined that October 10, 2012 accident was the cause in fact of Ms. Bombardier's injuries. Conversely, the jury interrogatories did not delineate Ms. Bombardier's injuries. The first interrogatory asked, "[i]s it more likely than not that the accident of October 10, 2012 was the cause in fact of the *injuries* sustained by Linda Bombardier." [Emphasis added.] If the jury answered

2

"YES," they were instructed to proceed to the second interrogatory relative to the amount that would fairly compensate Ms. Bombardier for her injuries and damages caused by the October 10, 2012 accident. While the jury responded affirmatively and awarded $346,000.00, it to failed to follow the second interrogatory relative to specifically designating amounts for general and special damages.

After the jury returned its verdict, the trial court noted "[y]ou all have only indicated one number, and you didn't fill in the blanks; so that is problematic because I specifically instructed you to put numbers in the blanks that provided for each answer to No. 2 if you answered 'yes' to No. 1. So as this form is improper . . ." The trial court then instructed the jury to fill in the blanks. Five minutes later, the jury returned with the verdict form, designating $51,537.00 in past medical expenses, $30,855.00 in future medical expenses, $173,608.00 in past lost income, and $90,000.00 in future lost income. Moreover, the jury did not award any general damages.

The majority finds that that the trial court overstated the scope of Church Mutual's agreement that a JNOV was warranted. I disagree. In its reasons for judgment, the trial court acknowledged that the parties agreed that the jury erred in failing to award general damages to Ms. Bombardier. However, I do not find that a trial court solely grants a JNOV based off of a common acknowledgement of error by the parties.

When a trial court has determined that a JNOV is warranted because reasonable men could not differ on the fact that the award was abusively high or abusively low, it must determine the proper amount of damages to be awarded. *Fox v. Layton*, 42,491, p. 5 (La. App. 2 Cir. 10/17/07), 968 So.2d 302, 306. Once the jury verdict is set aside under the strict JNOV standards, the trial court is then the trier of fact. *McAshan v. Jack's Pest Control*, 1999-1068, p. 5 (La. App. 4 Cir. 1/5/00), 782 So.2d 1, *opinion vacated on reh'g* (Nov. 29, 2000), *writ denied*, 786

3

So.2d 733 (La. 2001) (citing *Anderson v. New Orleans Public Service, Inc.*, 583 So.2d 829, 834 (La.1991); *Pino v. Gauthier*, 633 So.2d 638, 653 (La. App. 1st Cir. 1993)). The trial court considers the issue of damages *de novo*, and awards damages based upon its independent assessment of the injuries and damages. *Lockett v. UV Ins. Risk Retention Grp., Inc.*, 2015-166, p. 13 (La. App. 5 Cir. 11/19/15), 180 So.3d 557, 565 (citing *Anderson*, 583 So.2d at 834 (La.1991)); *see Graffia v. Louisiana Farm Bureau Cas. Ins. Co.*, 2008-1480, p. 3 (La. App. 1 Cir. 2/13/09), 6 So.3d 270, 272. "In making this determination, the trial court is not constrained as are the appellate courts to raising (or lowering) the award to the lowest (or highest) point reasonably within the discretion afforded that court." *Fox*, 42,491, p. 5, 968 So.2d at 306. "In consequence, when reviewing the amount awarded by the trial court on JNOV, the appellate court employs the same analysis it would in any quantum challenge." *Lockett*, 2015-166, pp. 13-14, 180 So.3d at 565-66 (citing *Anderson*, 583 So.2d at 834).

In its reasons for judgment, the trial court, through its independent assessment, found that "based on the medical evidence and testimony presented at trial . . . [Ms. Bombardier] suffered a neck injury, a back injury and an aggravation to a pre-existing injury to her right shoulder as a result of the accident at issue. The issue then turns to quantum for each of these injuries." The trial court considered Ms. Bombardier's surgery recommendations, and the fact that she had not yet undergone such surgeries. The trial court also took into consideration Ms. Bombardier's previous shoulder injury in awarding her $17,500.00 in general damages.

In supporting its *de novo* assessment of special damages, the trial court outlined the evidence presented on Ms. Bombardier's past and future medical expenses and future lost wages. The trial court stated that "the evidence is clear that a JNOV is warranted and that the facts and inferences point so strongly and

4

overwhelmingly in favor of [Ms. Bombardier] that the court believes that reasonable jurors could not arrive at a contrary verdict." Based on its independent assessment, the trial court found that the jury's findings were not reasonable in light of the record viewed in its entirety.

I find that the trial court's reasons indicate that it properly considered the facts, testimonies, and evidence presented in this matter in making its award Accordingly, I do not find that the trial court erred in setting aside the jury's verdict and awarding additional damages. "Neither the trial court nor a court of appeal can speculate regarding what the flawed jury verdict might mean." *Delores M.*, 44,883, p. 9, 29 So.3d at 662.

The majority pretermits review of Church Mutual's remaining assignments of error, however, I find it necessary to address the remaining issues in relation to the validity of the final judgment entered by the trial court.

### *Motion in Limine*

Prior to trial, Ms. Bombardier filed a motion in limine. The trial court held a hearing on the motion in limine. On October 15, 2019, the trial court granted in part and denied in part the motion in limine to exclude a record of plaintiff's visit to Freeman L. Garrett, DC. The trial court ruled that the record was not admissible but may be referred to in cross examination and may be used for impeachment purposes. The trial court granted the motion in limine to exclude irrelevant matters of personal history and plaintiff's past, such as her difficult marriage, divorce, and treatment for alcohol abuse. Additionally, the trial court granted the motion in limine excluding any witness offering testimony not based on personal knowledge, in particular the testimony of plaintiff's ex-husband, from whom she has been divorced for more than twenty years.

Church Mutual contends that the trial court erred in partially granting Ms. Bombardier's motion in limine. Church Mutual argues that the trial court excluded

four relevant pieces of evidence: 1) Ms. Bombardier's visit to the chiropractor which identified both the subject accident and an accident that occurred in 2013 as sources of her pain; 2) evidence of Ms. Bombardier's marital and custodial history; 3) evidence that Ms. Bombardier has undergone multiple plastic surgery procedures before the accident and sought more afterwards; and 4) the police report of the accident.

"[T]he reviewing court must determine whether the alleged erroneous evidentiary ruling, when compared to the record in its totality, prejudiced the complaining party and had a substantial effect on the outcome of the case." *FIE, LLC v. New Jax Condo Ass'n, Inc.*, 2016-0843, 2017-0423, p. 42 (La. App. 4 Cir. 2/21/18), 241 So.3d 372, 400 (citing *Freeman v. Phillips 66 Co.*, 2016-0247, p. 5 (La. App. 4 Cir. 12/21/16), 208 So.3d 437, 441-42).

When the trial court rules evidence inadmissible, a proffer can be made pursuant to La. C.C.P. art. 1636.[1] *Danna v. Ritz-Carlton Hotel Co., L.L.C.*, 2020-0116, 2020-0187, 2020-0318, p. 20 (La. App. 4 Cir. 3/24/21), ---So.3d ----, 2021 WL 1159726, *10. "[T]he purpose of mandating the trial court to allow the excluded evidence to be proffered is so that 'the testimony (whatever its nature) is available for appellate review.'" *Danna*, 2020-0116, 2020-0187, 2020-0318, p. 20, 2021 WL 1159726, *10 (quoting *Ohm Lounge, L.L.C. v. Royal St. Charles Hotel, L.L.C.*, 2010-1303, p. 10 (La. App. 4 Cir. 9/21/11), 75 So.3d 471, 477). Further, "[i]t is incumbent upon the party who contends his evidence was improperly excluded to make a proffer, and if he fails to do so, he cannot contend such exclusion is error." *Yokum v. Funky 544 Rhythm & Blues Cafe*, 2016-1142, pp. 26-27 (La. App. 4 Cir. 5/23/18), 248 So.3d 723, 742 (quoting *Ritter v. Exxon Mobile Corp.*, 2008-1404, p. 9 (La. App. 4 Cir. 9/9/09), 20 So.3d 540, 546.)

---

[1] La. C.C.P. art. 1636(A) provides "[w]hen the court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence."

Here, the record is void of the August 15, 2019 hearing transcript on Ms. Bombardier's motion in limine. Further, the record on appeal does not indicate any evidence or testimony was proffered. "[A]n appellant has the duty to present a full record and state clearly the basis of his attribution of error when he appeals a judgment." *Land Coast Insulation, Inc. v. Gootee Constr., Inc.*, 2021-0052, p. 5 (La. App. 4 Cir. 9/24/21), ---So.3d----, 2021 WL 4350221, *3, *aff'd on reh'g*, 2021-0052 (La. App. 4 Cir. 12/1/21), *writ denied*, 333 So.3d 434 (La. 2022) (*quoting Harts v. Downing*, 2019-0620, p. 8 (La. App. 4 Cir. 6/24/20), 302 So.3d 102, 110). "When the record lacks a transcript that is pertinent to an issue raised on appeal, the inadequacy of the record is attributable to the appellant." *Id.* Without the August 15, 2019 hearing transcript, it is undeterminable whether any evidence or testimony was proffered, and review is limited to the evidence presented in the record. *See* La. C.C.P. art. 2164.[2] Without proffered evidence in the record and without the ability to review that evidence, I cannot find that the trial court abused its discretion by excluding it.

### *Legal Interest*

Additionally, I find that Church Mutual was correctly charged legal interest. Church Mutual argues that the trial court erred in charging Church Mutual for interest not covered in its policy. La. R.S. 13:4203 provides that "[l]egal interest shall attach from date of judicial demand, on all judgments, sounding in damages, 'ex delicto', which may be rendered by any of the courts." In tort cases, an award of legal interest is not discretionary with the court since interest attaches automatically until judgment is paid, whether prayed for in the petition or mentioned in the judgment. *Dubois v. Armstrong*, 2015-345, p. 18 (La. App. 3 Cir. 2/10/16), 186 So.3d 305, 318 (citing *Odom v. City of Lake Charles*, 2000-1050

---

[2] La. C.C.P. art 2164 provides in pertinent part that "[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal."

(La. App. 3 Cir. 1/31/01), 790 So.2d 51). An excess insurer is liable for legal interest only on the portion of judgment for which it was cast. *McGowan v. Sewerage & Water Bd. of New Orleans*, 555 So.2d 472, 478 (La. 4th Cir.1989) (citing *O'Donnell v. Fidelity General Insurance Company*, 344 So.2d 91 (La. App. 2 Cir.1977)). Here, the judgment reflects that legal interest applied only to the portion of the judgment subject to Church Mutual's underlying policy credit of $500,000.00.

*Costs*

With respect to costs, I find that Church Mutual was not the prevailing party and therefore not entitled to recover its costs from Ms. Bombardier. Church Mutual argues that because it is an excess insurer and the judgment did not exceed $500,000.000, costs cannot be accessed against it. As a general rule however, the party cast by the judgment bears all costs, including its own and those of the prevailing party. *Certain St. Bernard Par. Gov't Computer Disks v. St. Bernard Par. Gov't ex rel. Ponstein*, 2013-1054, p. 8 (La. App. 4 Cir. 12/18/13), 130 So.3d 56, 61. The judgment reflects that even subtracting the credit of $500.000.00, Church Mutual was still responsible for $420.000.41.

Finally, allocating cost against the prevailing party is considered an abuse of discretion absent proof that the prevailing party incurred costs pointlessly or engaged in other conduct that justified the allocation. *Certain St. Bernard Par. Gov't Computer Disks*, 2013-1057, pp. 8-9, 130 So.3d at 61 (citing *Amato v. Office of Louisiana Comm'r of Sec.*, 94-0082, p. 12 (La. App. 4 Cir. 10/3/94), 644 So.2d 412, 419). I find no abuse in discretion in the trial court casting cost to Church Mutual.

For the reasons assigned, I find the trial court did not err in granting the motion for judgment not withstanding the verdict; therefore, the judgment of May 7, 2021 should be affirmed.