888 So.2d 244 (2004)
Perry MATHERNE and Tammy Matherne, Both Individually and on Behalf of Their Minor Son, Ian Matherne
v.
Samantha LORRAINE, Donald Lorraine, Brandon Matherne, Allstate Ins. Co., and State Farm Mutual & Automobile Ins. Co.
No. 2003 CA 2369.
Court of Appeal of Louisiana, First Circuit.
September 17, 2004.
*245 Michael J. Samanie, Houma, Counsel for Plaintiffs/Appellees Perry & Tammy Matherne, both I/D/B of their minor son, Ian Matherne.
Todd A. Hebert, Houma, Ray L. Rhymes, Cut Off, Counsel for Defendants/Appellants Samantha & Donald Lorraine, and Allstate Ins. Co.
Maurice P. Mathieu, Houma, Counsel for Defendants/Appellees Brandon Matherne and State Farm Mutual and Automobile Ins. Co.
Before: WHIPPLE, FITZSIMMONS and DOWNING, JJ.
DOWNING, J.
Samantha and Donald Lorraine and their insurer, Allstate Insurance Company, appeal a judgment in which Samantha Lorraine (Lorraine) was cast with 50% fault. Lorraine had stopped near an intersection to allow for passing traffic coming from the opposite direction before she could turn left. In attributing partial fault to Lorraine, the trial court found that she stopped abruptly and did not turn on her left turn signal. Brandon Matherne drove his vehicle into the rear of the Lorraine vehicle.
The only assignment of error Lorraine presents in this appeal is whether the following motorist who rear-ended her rebutted the presumption that the following *246 motorist was at fault. Because Louisiana law does not require a following motorist to be completely free from fault before a lead motorist can be found comparatively negligent, we affirm the judgment of the trial court.

DISCUSSION
A legal presumption exists that a following motorist who collides into the rear end of a leading automobile is at fault. As the Louisiana Supreme Court explained in Eubanks v. Brasseal, 310 So.2d 550, 553 (La.1975), "a following motorist who strikes a preceding motorist from the rear is presumed to have breached the standard of conduct prescribed in R.S. 32:81 and, hence, is presumed negligent." The Supreme Court then explained that the burden rests upon the following motorist to exonerate himself. Id. It said: "This interpretation rests in the settled theory that, where a traffic law is designed to protect life and property, it is a safety measure, the violation of which is negligence per se and is actionable if it was a legal cause of the collision." The key point here is that the following motorist must exonerate himself from fault before he can completely avoid liability. The presumption does not in and of itself preclude an apportionment of fault to the lead driver where negligence can be shown.
Lorraine argues that before she can be attributed with any degree of fault as the leading motorist involved in a collision, the following motorist, Matherne, must rebut the presumption that he was at fault. The cases Lorraine cites do not support this proposition.
To the contrary, "notwithstanding [a] presumption of negligence ..., a favored motorist can still be assessed with comparative fault if his substandard conduct contributed to the cause of the accident." (Emphasis added.) Slagel v. Roberson, 37,791, 37,792, 37,793, pp. 3-4 (La.App. 2 Cir. 11/18/03), 858 So.2d 1288, 1291, writ denied, 03-3508 (La.3/12/04), 869 So.2d 824. As the Third Circuit explained in Kimble v. Wal-Mart Stores, Inc., 527 So.2d 1163, 1166 (La.App. 3 Cir.1988), aff'd in part, amended in part, 539 So.2d 1212 (La.1989), once the presumption of negligence attaches to the defendant, the ordinary rules of comparative negligence apply and, thus, a plaintiff's damage award may be reduced by the degree that he was comparatively at fault.
Accordingly, Lorraine's assignment of error is without merit insofar as it alleges that Matherne must totally rebut the presumption of his fault as the rear-ending driver before the trial court can apportion a degree of comparative fault to her.
Even so, Lorraine argues that the trial court was manifestly erroneous in finding that she failed to turn on her turn signal and that she came to a sudden stop, thus contributing to the accident. We have carefully reviewed the record for manifest error, and we conclude that the evidence reasonably supported the trial court's factual findings in these regards.
Lorraine's assignment of error is without merit.

DECREE
We affirm the judgment of the trial court for the above reasons and for the well-expressed reasons stated by the trial court. Costs of this appeal are taxed to Samantha Lorraine, Donald Lorraine and Allstate Insurance Company.
AFFIRMED.