# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-350


**DENNIS GARCIA, ET UX.**

**VERSUS**

**ANTHONY STALSBY, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 2008-2953 E
HONORABLE DAVID A. RITCHIE, PRESIDING
**\*\*\*\*\*\*\*\*\*\***


**SYLVIA R. COOKS**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, John D. Saunders, Oswald A. Decuir, Jimmie
C. Peters and Marc T. Amy, Judges.

**AFFIRMED**.


**Decuir, J., dissents and assigns written reasons.**

**Peters, J., dissents for the reasons assigned by Decuir, J.**


Mark A. Delphin
Delphin Law Offices, APLC
626 Broad Street
Lake Charles, LA 70601
(337) 439-3939
COUNSEL FOR PLAINTIFFS/APPELLEES:
      Dennis and Tana Garcia

Arthur J. O'Keefe
626 Broad Street
Lake Charles, LA 70601
(337) 309-6122
COUNSEL FOR PLAINTIFFS/APPELLEES:
      Dennis and Tana Garcia

**Bryan D. Scofield**
**Scofield & Rivera, L.L.C.**
**P.O. Box 4422**
**200 W. Congress, Suite 700**
**Lafayette, LA 70501**
**(337) 235-5353**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
**Anthony Stalsby, Venture Transport Logistics, LLC, Venture Transport Logistics Holdings, LLC and Zurich American Insurance Company**

**COOKS, Judge.**

Defendants appeal the trial court's grant of summary judgment in favor of Plaintiffs on the issue of liability, finding Defendant, Anthony Stalsby, one hundred percent (100%) at fault in causing the motor vehicle accident in question. For the following reasons, we affirm the grant of summary judgment.

## FACTS AND PROCEDURAL HISTORY

This lawsuit arose out of a motor vehicle accident that occurred on July 2, 2007 on Louisiana Highway 27, south of Lake Charles, in Calcasieu Parish. On that date, a flat-bed truck driven by Anthony Stalsby rear-ended a pick-up truck driven by Dennis Garcia. Stalsby was returning to Lafayette after hauling a load of hazardous material for Venture Transport Logistics, LLC.

According to Stalsby, he was following the Garcia vehicle for several miles prior to the accident. Stalsby believed he was traveling at the speed limit, and opined that the Garcia vehicle must have been traveling at a similar speed because they remained the same distance apart for quite some time. Stalsby stated he was not tailgating and believed he was traveling at a safe distance behind Garcia's vehicle.

Stalsby acknowledged just before the accident, he was "messing with something" in the cab of his truck. Stalsby said he could not remember what the item was, but stated he lost control of the item and it dropped to the floor of the cab. At that point, Stalsby looked away from the road to the floor of his cab in an attempt to locate the item. Stalsby maintained he looked down for only a "few seconds," and when he looked up Garcia's vehicle was at a stop, preparing to turn onto Lionel DeRouen Road. Stalsby did not remember seeing a turn signal activated on Garcia's vehicle. Stalsby testified he believed, even with looking to the floor right before the impact, he would have had time to stop his vehicle if Garcia had come to a gradual stop rather than an abrupt stop. Stalsby argues this

alleged abrupt stop in the travel lane of Highway 127 was a contributory factor in causing the accident. Stalsby also alleged there was a skid mark present in the road which was made by Garcia's vehicle; an indiction that he slammed on his brakes rather than coming to a gradual stop. Garcia maintained any skid marks at the scene were made by Stalsby's vehicle, or were made by his vehicle *after* the collision occurred.

Dennis Garcia and his wife, Tana, filed a Petition for Damages naming as Defendants: Anthony Stalsby; Venture Transport Logistics, LLC d/b/a Venture Transportation, which employed Stalsby and owned the truck operated by Stalsby; Lexington Insurance Company, Zurich American Insurance Company and Zurich North American Insurance Company which had issued policies of insurance to Venture and/or Stalsby.

On September 10, 2010, the Garcias filed a motion for partial summary judgment, maintaining there were no genuine issues of fact that they were entitled to judgment as a matter of law holding Stalsby was solely at fault in causing the accident, that at the time of the accident Zurich American Insurance Company was the liability insurer of Stalsby with an applicable limit of coverage of five million dollars, and that the vehicle driven by Garcia was insured at the time of the accident and the "no pay, no play" statute, La.R.S. 32:866, does not apply.

The summary judgment hearing was held on October 22, 2010. Initially, the district court denied the motion for summary judgment on the issue of liability. After the parties left the courtroom and the district court took up another unrelated case to issue a ruling, the district court reopened the record on the "Garcia matter." The district judge noted he had "continued to think about it . . . [and] after reconsidering," granted the motion for summary judgment on the issue of liability finding Stalsby solely at fault in causing the accident. The court specifically noted that because Stalsby admitted he was not looking at the road prior to the accident,

2

he could only offer speculation that Garcia had abruptly stopped in front of him. The district court also granted summary judgment finding the Zurich American Insurance Company policy applied with limits of five million dollars, and La.R.S. 32:866, the "no pay, no play" statute, does not apply in this lawsuit.

The rulings of the district court on the partial motion for summary judgment pertaining to the issues of insurance coverage have not been appealed. Defendants' appeal asserts only that the district court's granting of the motion for partial summary judgment on the issue of liability is in error. They assert the following assignments of error:

> 1. The district court erred as a matter of law in granting the Garcia's motion for partial summary judgment on the issue of liability against Defendants.
>
> 2. The district court failed to follow several fundamental principles governing a motion for summary judgment when he granted summary judgment on the issue of liability.

## ANALYSIS

Counsel for Defendants candidly acknowledges that Stalsby's inattentiveness behind the wheel requires that he be assessed with "significant fault" for the accident. However, Defendants maintain that Garcia's conduct in allegedly coming to an abrupt stop requires that he be assessed with some, albeit smaller, percentage of fault.

In reviewing a motion for summary judgment, an appellate court "applies a *de novo* standard of review, 'using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.'" *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670, p. 6 (La.2/26/08), 977 So.2d 839, 844 (quoting *Supreme Serv. & Specialty Co., Inc. v. Sonny Greer*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638). As a general principle, our law

3

in Louisiana favors the summary judgment procedure as a vehicle by which the "just, speedy, and inexpensive" determination of an action may be achieved. La.Code Civ.P. art. 966(A)(2). The trial court is required to render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2).

A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730. A genuine issue is one in which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue, and summary judgment is appropriate. *Id.* Whether a fact is material is determined in light of the relevant substantive law. *Weingartner v. La. IceGators*, 02-1181 (La.App. 3 Cir. 4/17/03), 854 So.2d 898, *writ denied*, 03-1388 (La.9/13/03), 853 So.2d 645. In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730; *Simon v. Fasig-Tipton Co. of New York*, 524 So.2d 788, 791 (La.App. 3 Cir.), *writs denied*, 525 So.2d 1048, 1049 (La.1988).

4

The parties have set forth several statutes which they contend set forth the substantive law governing this litigation.

Defendants seek to invoke the application of La.R.S. 32:141, which deals with vehicles stopped on a roadway. It provides in relevant part:

> A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.

Although Defendants argue La.R.S. 32:141 is applicable here, we find it is not relevant in this factual scenario. Louisiana Revised Statute 32:141 is "normally applied when drivers leave part or all of their vehicle, disabled or not, protruding onto a highway." *Roger v. Estate of Moulton*, 494 So.2d 1226, 1230 (La.App. 3 Cir. 1986). We have found no case wherein this provision was applied to a situation where a vehicle is stopped in the roadway while waiting to turn. Although Defendants cite several cases where a turning motorist was hit by a following vehicle, those cases did not apply La.R.S. 32:141 in the liability discussion.

Relevant to the situation here is La.R.S. 32:81(A), which requires that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." Thus, a following motorist involved in a rear-end collision is presumed to have breached this statutory duty. *Mart v. Hill*, 505 So.2d 1120 (La.1987). A following motorist may, however, rebut the presumption by demonstrating that he or she had his car under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstances, or by *proving that the driver of the lead car negligently created a*

5

*hazard which the following motorist could not reasonably avoid.* *Cheairs v. State, Department of Trasportation and Development*, 03-680 (La.12/3/03), 861 So.2d 536; *Menard v. Federated Mut. Ins. Co.*, 05-85 (La.App. 3 Cir. 6/22/05), 906 So.2d 746; *U.S. Agencies Cas. Ins. Co.*, 34,661 (La.App. 2 Cir. 5/9/01), 786 So.2d 269. The following motorist bears the burden of showing he was not negligent. *Menard*, 906 S.2d 746.

It is undisputed that Stalsby looked away from the road and down to the floor of his bed prior to impact. When he finally returned his eyes to the road, the collision was unavoidable. Stalsby was negligent, as he admitted, in failing to closely observe the vehicle in front of him and in failing to maintain a safe distance.

As to the alleged fault of Garcia, it was maintained by Defendants that Garcia came to an "abrupt stop." However, the trial court found Defendants presented no evidence of such action on the part of Garcia and reasoned that Defendants would be unable to meet its burden of proving at trial that Garcia created a hazard which Stalsby could not reasonably avoid. We agree.

The testimony of Stalsby does not even assert that Garcia came to an "abrupt stop." Stalsby testified that "[he] looked down, [he] looked up and [Garcia] was at a stop in the road." There is no indication that Stalsby witnessed the method or manner in which Garcia slowed his vehicle. Nor could there be, since Stalsby acknowledged he took his eyes off the road and looked down to the floor of his vehicle. Thus, on the question of whether Garcia abruptly stopped his vehicle, Defendants have failed to produce factual support sufficient to establish they will be able to satisfy their evidentiary burden of proof at trial.

Likewise, Stalsby's testimony is insufficient to establish a violation of La.R.S. 32:104, which requires a left-turning motorist to signal his intention to turn. Stalsby only testified that Garcia was traveling at a uniform speed when he

last looked ahead before looking away from the road, and then that Garcia's vehicle was at a complete stop when he looked up again. Stalsby cannot establish that Garcia failed to activate his blinker because he was not looking at the road as Garcia slowed his vehicle.

The law is clear that motions for summary judgment are favored, and Defendants are not entitled to proceed to a trial on the merits based solely on speculation and/or unsupported arguments. The trial court properly granted summary judgment in this matter.

## DECREE

For the foregoing reasons, the trial court's grant of summary judgment in favor of the Garcias on the issue of liability is affirmed. Costs of this appeal are assessed to Defendants-Appellants.

**AFFIRMED.**

COURT OF APPEAL

STATE OF LOUISIANA

11-350

DENNIS GARCIA, ET UX.

VERSUS

ANTHONY STALSBY, ET AL.

**DECUIR, J., dissenting.**

This appeal presents unresolved factual questions concerning the skid marks found at the accident scene, the lead driver's use of his turning signal, and the length of time the following driver looked away. Whether the lead driver came to an abrupt stop in violation of traffic laws is also unclear. The testimony on these issues was in conflict and the evidence presented was subjective. The trial court improperly weighed the evidence and made credibility determinations in the context of a summary judgment proceeding. Louisiana law provides for the granting of summary judgment only when the "mover is entitled to judgment as a matter of law." La. Code Civ.P. art 966(B). There is nothing presented thus far in the record before us that shows Garcia is entitled to judgment as a matter of law.

The disputed facts and contested allegations in this case create genuine issues of material fact which should be decided after trial on the merits. In my opinion, this case raises the most fundamental of factual disputes. The lead driver is not entitled to summary judgment, and the trial court's decision should be reversed. I therefore dissent.