Judge Paula A. Brown
This matter involves a three-car vehicular accident. Plaintiff, Lisa K. Watson ("Plaintiff"), appeals the district court's grant of summary judgment in favor of Defendants, 21st Century Centennial Insurance Company ("21st Century") and Shelley Tannehill ("Ms. Tannehill"). For the reasons that follow, we affirm the judgment.
*813 FACTUAL AND PROCEDURAL HISTORY
On or about June, 24, 2014, at approximately 7:40 a.m., Plaintiff was traveling on the Interstate-10 ("I-10") South Carrollton exit in New Orleans. Plaintiff's lead vehicle was followed by a middle vehicle operated by Ms. Tannehill and a third vehicle driven by Melissa Smith ("Ms. Smith"). After Plaintiff's vehicle had come to a complete stop, Ms. Smith's vehicle (the "Smith vehicle") struck the rear of Ms. Tannehill's vehicle (the "Tannehill vehicle"), pushing it into the rear of Plaintiff's vehicle.
On June 23, 2015, Plaintiff filed a Petition for Personal Injuries and Damages (the "Petition") against Ms. Smith and her liability carrier, Allstate Property and Casualty Insurance Company ("Allstate"), and Ms. Tannehill and her insurer, 21st Century (collectively referred to as "Ms. Tannehill"). The Petition alleged, in part, that Plaintiff was stopped on the I-10 South Carrollton exit lane when the Tannehill vehicle followed her too closely and struck her from the rear; and she was also struck from the rear when the Smith vehicle rear-ended the Tannehill vehicle after the Tannehill vehicle had come to a sudden stop.
On March 15, 2017, after witness depositions had been completed, Ms. Tannehill filed a motion for summary judgment seeking to dismiss Plaintiff's action. Ms. Tannehill's Statement of Uncontested Material Facts and Affidavit attested that her vehicle was at a complete stop when it was struck in the rear by the Smith vehicle. Ms. Tannehill stated that her vehicle struck Plaintiff's vehicle only once, after the impact from the Smith vehicle caused the Tannehill vehicle to be pushed into the rear of Plaintiff's vehicle. Ms. Tannehill supported her motion with excerpts from Plaintiff's deposition,[1] Ms. Smith's deposition,[2] and the police accident report which contained her written statement. Ms. Tannehill argued that she was entitled to summary judgment relief as a matter of law.
In opposition, Plaintiff contended that a genuine issue of material fact existed as to whether the Tannehill vehicle struck her vehicle before the impact between the Smith vehicle and the Tannehill vehicle.[3] In support, Plaintiff attached her Affidavit , attesting that her vehicle was struck by the Tannehill vehicle, and excerpts from Ms. Smith's deposition, wherein she testified regarding the number of impacts to Plaintiff's vehicle. Plaintiff argued that the number of impacts to her vehicle, and whether or not Ms. Tannehill's vehicle was following too closely behind her vehicle are factual disputes which precluded Ms. Tannehill's entitlement to summary judgment.
Plaintiff also objected to the district court's consideration of the police accident report arguing that, pursuant to La. C.C.P. art. 966(A)(4), a police report is not the type of document that may be filed in support of a motion for summary judgment.[4]
The district court heard argument on the motion for summary judgment on July 7, 2017. On August 21, 2017, the district *814 court granted the motion, dismissing Plaintiff's claims against Ms. Tannehill with prejudice.
This devolutive appeal followed.
STANDARD OF REVIEW
It is established jurisprudence that "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966A(2). This Court, in Chanthasalo v. Deshotel , discussed the standard of review for a district court's ruling on a motion for summary judgment:
Appellate courts review the grant or denial of a motion for summary judgment de novo , using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.
2017-0521, p. 5 (La. App. 4 Cir. 12/27/17, 5), 234 So.3d 1103, 1107 (citations omitted). Where a defendant moves for summary judgment based on the lack of proof of a material fact, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the non-moving party on the evidence presented." Huber v. Liberty Mut. Ins. Co. , 2000-0679, p. 7 (La. App. 4 Cir. 2/7/01), 780 So.2d 551, 554 (quoting Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ). "Argument of counsel and briefs, no matter how artful, are not sufficient to raise a genuine issue of material fact." Huber , 2000-0679, p. 8, 780 So.2d at 555 (citation omitted).
DISCUSSION
Plaintiff argues that the district court erred in granting summary judgment, and asserts two assignments of errors: (1) whether a genuine issue of material fact exists as to the number of impacts to Plaintiff's vehicle; and (2) whether a genuine issue of material fact exists as to whether Ms. Tannehill was following Plaintiff's vehicle too closely.
We shall first examine whether a factual dispute exists regarding the number of impacts between the Tannehill vehicle and Plaintiff's vehicle.
Plaintiff argues that her Affidavit and portions of the deposition transcript of Ms. Smith support her claim that a material factual dispute exists as to whether the Tannehill vehicle rear-ended her vehicle before the Smith vehicle struck the Tannehill vehicle. Plaintiff's Affidavit provides: (1) "[t]hat on June 24, 2015 she was travelling eastbound on Interstate 10 in the right lane" and (2) "[t]hat her vehicle was *815 struck from behind by a vehicle being driven by Shelley D. Tannehill."
Plaintiff submitted into evidence the following relevant portions of Ms. Smith's deposition:
Q. Did you see her write up a statement?
A. Everybody did it in their vehicles.
Q. Okay. So you-all didn't get out and talk to each other and then go write the statements? You-all just stayed apart and wrote you-all own statements?
A. Correct.
Q. Do you know what was contained in Ms. Tannehill's statement?
A. I couldn't tell you right now, but I know it's in the police report.
Q. Okay. And how about Ms. Watson's statement?
A. The same. I have read them, but I don't remember what-word for word.
Q. Ms. Tannehill's statement was that she was traveling in the right-hand lane when she was hit from behind very hard and was forced into the car in front of her.
Do you agree with that that, or you disagree with her statement?
A. Tannehill is the middle person?
Q. Right. That's correct.
A. I can't agree with that because from my opinion, I would say she hit first, but I-I can't-that's just-
Q. Well, we didn't want you to give opinions, but you thought that's what occurred?
A. From the way that her car stopped, to me it seemed that she first and then I hit her.
Q. Okay.
A. Because of-Because of the sudden stop and lights at the time.
Q. And your vehicle did impact with the rear of Ms. Tannehill's vehicle?
A. Yes.
(emphasis added.)
In rebuttal, Ms. Tannehill contends the admissions and omissions by Plaintiff and Ms. Smith during their respective deposition testimony support the district court's ruling that summary judgment was warranted as a matter of law. Ms. Tannehill relies on the following deposition testimony of Plaintiff to show that Plaintiff cannot meet her evidentiary burden of proof at trial:
Q. Do you know how long you were stopped before the impact?
A. No. I don't.
Q. Would you be able to tell, if you can, was it seconds,
minutes anything? Or you just don't know.
A. I don't know. We were stopped.
A. I don't remember if I had both.
* * *
Q. So you had no warning of any impacts or anything occurring behind you?
A. No.
Q. The first notice was when your vehicle was struck; is that correct?
A. Yes. That's what I remember.
Q. Where was your vehicle struck?
A. From behind.
Q. In the rear of your vehicle?
A. Yes.
Q. How many impacts were there to the rear of your vehicle?
A. I don't know.
Q. There was definitely one?
A. Definitely one.
Q. Okay. But you don't know if there was a second one?
*816 A. I don't know if there was a second one.
(emphasis added.)
Ms. Tannehill also referenced the relevant deposition testimony of Ms. Smith in support of her motion for summary judgment:
Q. And you said you assumed that the car in front of you hit the car the car in front of her.
Did you actually witness the car in front of you hit the car that was-
A. No. That's why I assumed.
Q. Okay.
A. Because I couldn't see the distance-I couldn't see the two cars because I was, obviously, behind, but my presumption was that it hit first because of the way it stopped so abruptly .
Q. But you don't know if it did hit the car in front.
A. No.
Q. Do you recall seeing brake lights activated on the car in front of you immediately prior to the accident?
A. It seemed like simultaneous. At the same time she stopped, it was when I saw them. It wasn't giving me enough time to react.
Q. How fast do you think you were going at the time of the accident?
A. I would say 40, at the most.
Q. Did you hear any impact prior to your hitting the car in front of you?
A. No.
(emphasis added.)
The record before this Court establishes that neither Plaintiff's nor Ms. Smith's testimony disputed Ms. Tannehill's claim that she did not strike Plaintiff's vehicle before the Smith vehicle rear-ended the Tannehill vehicle. Plaintiff definitively recalls only one impact ; and, Ms. Smith concedes she does not know if the Tannehill vehicle had rear-ended Plaintiff's vehicle before she rear-ended the Tannehill vehicle. Moreover, Ms. Smith admits she did not hear another impact before she struck the Tannehill vehicle. The parties acknowledge that there are no other known witnesses to this accident. Plaintiff's mere allegation or Ms. Smith's "belief" that the Tannehill vehicle independently initiated contact with Plaintiff's vehicle does not give rise to a genuine issue of material fact to rebut Ms. Tannehill's testimony, via her Affidavit , that she rear-ended Plaintiff's vehicle only after the Smith vehicle struck her vehicle, causing it to be pushed into Plaintiff's vehicle.
Based on our de novo review of the record evidence, Plaintiff has failed to produce countervailing to show the accident resulted from two impacts to her vehicle. This assigned error is unpersuasive.
Plaintiff next argues that a genuine issue of material fact exists as to whether Ms. Tannehill was following too closely.
La. R.S. 32:81(A) provides that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon the condition of the highway." A legal presumption exists that a following motorist who collides in the rear-end of a preceding vehicle is presumed to have breached that duty. See Mart v. Hill , 505 So.2d 1120, 1123 (La. 1987) (citations omitted). Established jurisprudence provides that "[a] following motorist may, however, rebut the presumption of negligence by demonstrating: (1) that he had his vehicle under control; (2) that he closely observed the preceding vehicle; and (3) that he followed at a safe distance under the circumstances."
*817 Daigle v. Mumphrey , 1996-1891, p. 3 (La. App. 4 Cir. 3/12/97), 691 So.2d 260, 262.
This presumption was rebutted in LeBlanc v. Bouzon , 2014-1041 (La. App. 3 Cir. 3/4/15), 159 So.3d 1144, a case analogous to this matter. Bouzon also involved a three-vehicle collision where the district court granted the middle driver's motion for summary judgment. Bouzon, the driver of the third vehicle, was uncertain-as the driver of the third vehicle in this case-as to whether the middle driver had struck the plaintiff's vehicle before he rear-ended the middle driver's vehicle. On review, the Bouzon Court found that the evidence established the middle driver was stopped and the plaintiff presented no evidence to show that the middle driver rear-ended the plaintiff's vehicle before it was struck by Bouzon. Thus, the Court reasoned that Bouzon, not the middle driver, was presumed liable as the rear-ending motorist who caused the collision and subsequent chain reaction; and accordingly, affirmed the district court's summary judgment in favor of the middle driver. Bouzon , 2014-1041, pp. 7-8, 159 So.3d at 1149.
Similarly, Ms. Tannehill's uncontested Affidavit verifies that she was stopped at the time her car was struck by the Smith vehicle. Additionally, Ms. Smith's deposition testimony confirms that the Tannehill vehicle was stopped and its brake lights were on when Ms. Smith collided with the Tannehill vehicle. Plaintiff is uncertain as to the number of impacts and can only definitively recall one impact. Therefore, our finding that Ms. Tannehill's only impact with Plaintiff's vehicle was caused when the Smith vehicle rear-ended the Tannehill vehicle negates any issue of material fact and rebuts any presumption of liability on the part of Ms. Tannehill for following Plaintiff's vehicle too closely.
Plaintiff also contends that Ms. Tannehill improperly introduced into evidence a copy of the police accident report to establish that Ms. Smith was solely liable for the accident. According to Plaintiff, the district court improperly considered the police accident report in reaching its determination that Ms. Tannehill had no liability. In support, Plaintiff cites established Louisiana jurisprudence,[5] that, in general, police accident reports are not admissible evidence and La. C.C.P. art. 966(A)(4).
We agree with Plaintiff that pursuant to the strict statutory language of La. C.C.P. art. 966(A)(4), a police accident report is not the type of documentation considered as admissible evidence in support of a motion for summary judgment. However, La. C.C.P. art. 966(D)(2) permits the court to consider documents filed in support or in opposition to a motion for summary judgment, such as the police accident report, provided no objection is raised in a timely filed opposition or reply brief. If a proper objection is made, the article further provides that "[t]he court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider."
In the case sub judice , Plaintiff specifically objected "to the police report being used by the Court in considering the motion for summary judgment filed by the defendant, Shelley D. Tannehill" in Plaintiff's written opposition to the summary judgment motion. Plaintiff represents the admission of the police accident report was crucial evidence in absolving Ms. Tannehill of liability.
There is no indication in the record that the district court considered Plaintiff's objection *818 before rendering judgment on the merits of the motion. As Plaintiff lodged a timely objection to the introduction of the police accident report, the district court erred in its failure to consider the objection, and by allowing the police report to be admitted into evidence.
Notwithstanding, the record is unclear as to the degree, if any, the district court relied on the police accident report in reaching its judgment. This Court has conducted a de novo review on appeal. We based our determination that Ms. Tannehill rebutted any presumption of liability for following too closely on other evidence-our finding that Plaintiff failed to submit countervailing evidence that the Tannehill vehicle was stopped when it was rear-ended by the Smith vehicle, which, in turn, caused the Tannehill vehicle to rear-end Plaintiff's vehicle. We did not consider any information contained in the police accident report in reaching this finding. Accordingly, the district court's admission of the police accident report was, at best, harmless error. Its admission into evidence did not affect the result reached or deprive any party of any substantial rights. See Greenblatt v. Payne , 2005-0290, p. 6 (La. App. 4 Cir. 3/22/06), 929 So.2d 193, 197. This assignment of error is without merit.
CONCLUSION
Based upon our de novo review of the record, Plaintiff has failed to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial against Ms. Tannehill. Consequently, finding no genuine issue of material fact, we affirm the district court's grant of summary judgment in favor of Shelly Tannehill and 21st Century Centennial Insurance Company.
AFFIRMED
LEDET, J., CONCURS IN THE RESULT
LEDET, J., CONCURS IN THE RESULT

Plaintiff was deposed on December 8, 2015.

Ms. Smith was deposed on January 26, 2017.

Ms. Smith and Allstate adopted Plaintiff's opposition to the motion for summary judgment.

La. C.C.P. art. 966(A)(4) provides in part: "[T]he only documents that may be filed in support or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions.

See Ruthardt v. Tennant , 252 La. 1041,1047-48, 215 So.2d 805, 808 (La. 1968).