NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**21-791 consolidated with 21-756**

CASSIE ANGELLE

VERSUS

LAFAYETTE CONSOLIDATED GOVERNMENT, ET AL.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20196687
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

SHARON DARVILLE WILSON
JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John E. Conery, Van H. Kyzar, and Sharon Darville Wilson, Judges.

AFFIRMED.

**Katherine A Theunissen**
**MAHTOOK & LAFLEUR, L.L.C.**
**P. O. Box 3089**
**Lafayette, LA 70502**
**(337) 266-2189**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Lafayette City-Parish Consolidated Government**
    **Brandon Dugas**

**Donovan J. O'Pry, II**
**O'PRY LAW FIRM**
**2014 W. Pinhook Road, Suite 507**
**Lafayette, LA 70508**
**(337) 415-0007**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Cassie Angelle**

**Leah M. Penny**
**CASLER, BORDELON, LAWLER & GELDER**
**4000 South Sherwood Forest Boulevard, Suite 303**
**Baton Rouge, LA 70816**
**(337) 230-5592**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Cassie Angelle**
    **Progressive Paloverde Insurance Company**

**WILSON, Judge.**

In this consolidated writ/appeal, Defendants/Plaintiffs-in-reconvention, Officer Brandon Dugas and his employer Lafayette Consolidated Government (LCG), seek review of the judgments of the trial court finding Defendants solely at fault for the collision with Plaintiff/Defendant-in-reconvention, Cassie Angelle, and granting the motions for summary judgment and partial summary judgment. For the following reasons, we affirm the judgments of the trial court.

## I.

## ISSUES

In this consolidated writ/appeal, we must decide whether the trial court erred in granting Plaintiffs/Defendants-in-reconvention's motions for summary judgment and partial summary judgment and finding Defendants solely at fault for the collision.

## II.

## FACTS AND PROCEDURAL HISTORY

On September 29, 2019, during the dark hours of the morning, Plaintiff, Cassie Angelle, was travelling on Interstate 49 in Lafayette Parish on her way to pick up a friend. She was driving a 2014 Ford Taurus. While travelling in the right lane, Ms. Angelle saw emergency flashing lights that appeared to be on the side of the road. The emergency vehicles were located to the right of the interstate on the service road. In response to the lights, Ms. Angelle slowed down, activated her turn signal, and merged into the left lane.

Officer Dugas was travelling in the left lane behind Ms. Angelle in a City of Lafayette 2019 Dodge Charger police unit. Officer Dugas had just completed several shifts and admits that he was travelling ten to fifteen miles per hour over the

seventy mile per hour posted limit. Also focused on the emergency lights ahead, Officer Dugas claims he did not notice Ms. Angelle's taillights ahead of him. Seconds after she merged into the left lane, Officer Dugas collided into the back of Ms. Angelle's vehicle. Approximately five seconds before the collision, Ms. Angelle's speed was forty-four miles per hour but had increased to forty-eight miles per hour at the time of collision. Officer Dugas' speed had decreased from eighty-seven miles per hour to seventy-three at the time of the collision. The entire incident was recorded by the dashcam in Officer Dugas' vehicle.

Ms. Angelle filed suit against LCG and Officer Dugas on October 22, 2019, alleging actual damages caused by Officer Dugas' negligence. On December 18, 2019, LCG filed a reconventional demand against Ms. Angelle and her automobile insurer, Progressive Paloverde Insurance Company (Progressive), alleging that Ms. Angelle's negligence caused and/or contributed to the accident. The reconventional demand was subsequently supplemented on two occasions to clarify property damages and medical expenses incurred. On July 6, 2021, Ms. Angelle and Progressive, as defendants-in-reconvention, filed a motion for summary judgment alleging that LCG would be unable to carry its burden of proof as to the liability of defendants-in-reconvention and all claims against them should be dismissed. On August 20, 2021, Ms. Angelle filed a motion for partial summary judgment on the issue of fault asking the court to find Officer Dugas and LCG solely at fault for the accident.

The separate motions were heard on October 11, 2021, and each was granted by the trial court. Officer Dugas and LCG filed an application for supervisory writ review of the grant of partial summary judgment with this court in 21-756. They also filed the instant appeal seeking reversal of the trial court's grant

2

of the motion for summary judgment finding Defendants solely at fault and dismissing the claims against Ms. Angelle and Progressive. In the interest of judicial economy and efficiency, we have consolidated the writ application and appeal.

## III.

## <u>STANDARD OF REVIEW</u>

Appellate courts review summary judgments de novo, applying the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). A motion for summary judgment shall only be granted when the motion, memorandum, and supporting documents show there are no genuine issues of material fact, and the mover is entitled to judgement as a matter of law. La.Code Civ.P. art. 966(A)(3).

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La.Code Civ.P. art. 966(D)(1).

## IV.

## <u>LAW AND DISCUSSION</u>

In both the appeal and the consolidated writ, LCG and Officer Dugas challenge the trial court's finding that they were solely at fault for the collision. They contend that genuine issues of material fact exist with regard to liability and the

3

allocation of fault. In particular, they note that there is a genuine issue as to whether Ms. Angelle's speed and decision to change lanes contributed to the accident. After reviewing the record, we find that there are no genuine issues of material fact, and the actions of Officer Dugas were the sole cause of the collision.

Motions for summary judgment are properly granted when it is shown that there are no genuine issues of material fact. La.Code Civ.P. art. 966(A)(3). The courts have explained that "a 'genuine issue' is a 'triable issue,' an issue in which reasonable persons could disagree." *Champagne v. Ward,* 03-3211, p. 5 (La. 1/19/05), 893 So.2d 773, 777. "A fact is 'material' when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751.

Under this state's duty/risk analysis, in an action for negligence the plaintiff must prove the following elements:

> (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element).

*Rando v. Anco Insulations Inc.*, 08-1163, pp. 26-27 (La. 5/22/09), 16 So.3d 1065, 1086. Considering those elements, the evidence shows that Officer Dugas was undoubtedly at fault for this accident.

Our legislature has enacted laws that impose specific duties on drivers of following vehicles. Louisiana Revised Statutes 32:81(A) requires that "[t]he

driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." When a rear-end collision occurs, a following motorist is presumed to have breached this statutory duty and is presumed at fault. *Leblanc v. Bouzon*, 14-1041 (La.App. 3 Cir. 3/4/15), 159 So.3d 1144. In the instant case, Officer Dugas was the following motorist in this rear-end collision, thus, he is presumed to be at fault. Officer Dugas could, however, rebut the presumption by demonstrating that he "had his car under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstances, or by proving that the driver of the lead car negligently created a hazard which the following motorist could not reasonably avoid." *Garcia v. Stalsby*, 11-350, pp. 5-6 (La.App. 3 Cir. 12/14/11), 78 So.3d 873, 877, *writ denied*, 12-0422 (La. 4/9/12), 85 So.3d 703.

In his deposition, Officer Dugas admitted that prior to the collision, he was focused on emergency lights near the side of the road and was not focused on Ms. Angelle's vehicle ahead. He also admitted that just prior to the collision he was driving ten to fifteen miles per hour over the posted seventy miles per hour limit. Expert testimony revealed that he was driving eighty-seven miles per hour just five seconds before the collision, and while he was able to decrease his speed to seventy-three prior to impact, he did not apply his brakes until less than a second before the collision. It is evident that Officer Dugas failed to notice Ms. Angelle's vehicle ahead of him until it was too late. This fact is clearly ascertained from the dashcam video footage of the accident. Despite Ms. Angelle's taillights being fully visible ahead of Officer Dugas, he did not properly respond to her reducing her speed, signaling, and then merging into the left lane in front of him. Hence, the evidence

5

shows that he did not closely observe the proceeding vehicle or follow at a safe distance under the circumstances.

Additionally, the record fails to show that Ms. Angelle negligently created a hazard that Officer Dugas could not reasonably avoid. Ms. Angelle properly signaled her intention to merge into the left lane, and as shown on the footage, Officer Dugas should have noticed her movements ahead of him. There was ample time for Officer Dugas to reduce his speed in response to Ms. Angelle's actions and avoid the accident. Thus, Officer Dugas failed to rebut the presumption, and he is presumed at fault for the accident.

Officer Dugas and LCG assert that although following motorists are presumed at fault in rear-end collisions, the leading motorists' negligence must also be considered and allocated fault as necessary. The defendants are correct that "notwithstanding the presumption of negligence, a favored motorist can still be assessed with comparative fault if his or her substandard conduct contributed to the cause of the accident." *Leblanc*, 159 So.3d at 1147. Louisiana is a comparative fault state and La.Civ.Code Art. 2323(A) mandates that "[i]n any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined[.]" We will now examine the actions of Ms. Angelle to determine whether they amounted to negligence which could have contributed to the collision.

Officer Dugas and LCG first suggest that Ms. Angelle was negligent by driving too slowly. In addition to prohibiting driving "at a speed greater than is reasonable and prudent under the conditions . . . and in no event in excess of the maximum speeds established[,]" La.R.S. 32:64, entitled "General Speed Law", provides that "[e]xcept when a special hazard exists that requires lower speed for

6

compliance with paragraph A of this section, no person shall operate or drive a motor vehicle upon the highways of this state at such a slow speed as to impede the normal and reasonable movement of traffic." The evidence reveals that Ms. Angelle was travelling forty-four miles per hour as she emerged from the right lane and had accelerated to forty-eight miles per hour just before impact in the left lane. The posted speed was seventy miles per hour, so she was travelling significantly below the speed limit.

Ms. Angelle asserts that she slowed down in response to the emergency lights ahead as she had been taught to do in driver's education class. Louisiana Revised Statutes 32:125(B)(1) provides:

> B. When any vehicle making use of any visual signals as authorized by law, including the display of alternately flashing green, amber, or yellow warning lights, is parked on or near the highway, the driver of every other vehicle shall:
>
> (1) When driving on an interstate highway or other highway with two or more lanes traveling in the same direction, yield the right-of-way by making a lane change into a lane not adjacent to the parked vehicle, if possible with due regard to safety and traffic conditions. If a lane change is not possible, the driver shall slow to a reasonably safe speed.

Although the emergency lights were coming from the service road and not the actual interstate, both drivers stated that they saw the lights and believed them to be coming from the right side of the road ahead of them. Ms. Angelle was reasonable in believing that a special hazard existed which required her to reduce her speed of travel. She behaved as any prudent driver would when faced with such a hazard by slowing her speed, initiating her blinker, and successfully merging into the left lane.

7

Additionally, Officer Dugas and LCG fail to show how Ms. Angelle's lower speed was so slow as to impede the normal and reasonable movement of traffic. Unlike in the cases cited for support by the defendants, Ms. Angelle's speed was not so slow as to create a hazard to following motorists. It is clear from the dashcam footage that Ms. Angelle's lower speed was ascertainable to Officer Dugas with sufficient time for him slow down accordingly and avoid an accident. Her vehicle was not barely moving, nor did she appear out of nowhere. Had Officer Dugas kept a proper lookout he could have easily adjusted to Ms. Angelle ahead of him and would not have been forced to slam on his brakes. Thus, we find that Ms. Angelle's reduced speed did not constitute negligence and was not a cause of the accident.

Officer Dugas and LCG also point to Ms. Angelle's decision to switch lanes as a cause of the accident. Louisiana Revised Statutes 32:79 provides:

> Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply.
>
> (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

Defendants assert that Ms. Angelle failed in her duty to ascertain whether it was safe to proceed with her merge to the left lane.

Ms. Angelle testified that she checked her mirrors, applied her blinker, and checked her mirrors again before merging to the left lane. This testimony was uncontroverted. The dashcam footage reveals that she did execute a proper lane change. Ms. Angelle was well ahead of Officer Dugas before she attempted to change lanes. She indicated her intention to merge to following traffic, slowly and

carefully merged into the left lane, and was fully within the lane before the accident occurred. Had he been paying proper attention, Officer Dugas would have noticed the merging vehicle in front of him with ample time to adjust his speed accordingly. Instead, he was "zoned out" and only applied his brakes a second before impact. Unlike in the cases cited by Defendants for support, Ms. Angelle's merge was not abrupt, nor was she still in the process of merging when the accident occurred. Based on the evidence submitted, we cannot find any conduct on the part of Ms. Angelle which was negligent and contributed to the accident.

After reviewing the evidence, we find there are no genuine issues as to fault, and Officer Dugas and LCG are solely at fault for the subject accident. This finding is clearly supported by the dashcam video footage in combination with deposition testimony of the parties. No evidence exists which reveals Ms. Angelle's driving was unreasonable under the circumstances, thus Defendants failed to prove any fault on the part of Ms. Angelle. In contrast, Officer Dugas is presumed at fault as the following motorist, and had he maintained a proper lookout, he would have avoided the accident. Accordingly, we affirm the trial court's ruling granting the motion for summary judgment and dismissing the claims against Ms. Angelle and Progressive as defendants-in-reconvention. We also affirm the trial court's ruling granting the motion for partial summary judgment as to fault.

V.

**CONCLUSION**

For the foregoing reasons, the judgements of the trial court finding Officer Dugas and LCG solely at fault and granting the Plaintiffs/Defendants-in-reconventions' motions for summary judgment and partial summary judgment are

9

affirmed. Costs of this appeal are assessed to Defendants/Plaintiffs-in-reconvention,

Officer Brandon Dugas and Lafayette Consolidated Government in the amount of

$2,771.19.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.